In the Matter of CHARMINE W., A Child Alleged to be Neglected, Appellant. VIOLA W. et al., Respondents.—Order, Family Court, New York County, entered August 30, 1977, dismissing petition in a child protective proceeding, unanimously reversed, on the law and the facts, the petition reinstated, and the matter remanded for a new hearing, without costs and without disbursements. The evidence, inclusive of a hospital record, showed that the subject three-month-old child was brought to a hospital displaying the signs of what has come to be referred to as the "battered child syndrome." The treating doctor testified at the hearing that the child was in

a condition of considerable trauma and that there was a large area of bruising over the left side of her face and scalp; that her left eyelid was swollen shut; and that there were hemorrhages in the white portion of both eyes. The right side of the child's jaw was also swollen and her urine contained blood. Further, that the injuries were the result of multiple blows inflicted by a blunt or cushioned instrument, perhaps a hand or some soft object and that it would take the force of at least a five year old to have caused the injuries, and, further, that the injuries were inconsistent with the parents' explanation that their three-year-old child threw a toy—a plastic rocket with motor—into the crib. A caseworker established that the child's mother had an alcohol problem. Though recognizing the applicable standard of proof to be a preponderance of the evidence (Family Ct Act, § 1046, subd [b], par [i]), the court treated the matter as solely a search for the fixation of blame, dismissing for "utter failure of proof" and completely ignoring the statutory stated purpose of article 10 of the act: child protective proceedings. Section 1011 states: "This article is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being. It is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met." As the Family Court has heretofore stated: "In child protective proceedings it is the function of the trial court to determine not only that neglect or abuse exist, but also whether it is *likely* to exist. *(Matter of Abeena H.* [64 Misc 2d 965].) The court is sitting as *parens patriae* in a matter such as this *(Finlay v. Finlay,* 240 N. Y. 429), and cannot be limited to conditions already existing or activities which occurred in the past, but must of necessity concern itself with events that might occur should certain conditions continue." *(Matter of Santos,* 71 Misc 2d 789, 791; emphasis in original.) The court's duty, thus succinctly defined, was not carried out, and we remand for that purpose. Concur—Kupferman, J. P., Birns, Silverman, Lane and Markewich, JJ.