## (October 13, 1978)

■ In the Matter of LORETTA ANN M. and Others, Children Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Appellant; LINDA MARY M. Respondent.—In proceedings pursuant to article 10 of the Family Court Act, in which the children involved were determined to be neglected, the petitioner appeals from three orders of the Family Court, Westchester County, all dated March 21, 1977 (one as to each child), which, after hearings, granted visitation to the respondent mother under the strict supervision of the Department of Social Services, one day each month at its office in Yonkers "at the discretion of said department." Orders reversed, without costs or disbursements, proceeding remitted to the Family Court and the Family Court is directed to proceed forthwith with hearings on the petitions for guardianship of the three children and the petition for the termination of placement. The respondent's two older children had resided in a foster home for approximately seven years until they were returned to the respondent in July, 1974. The testimony was uncontroverted that on May 1, 1975 the respondent instructed Linda Ann, her eight year-old daughter, how to perform sodomy upon her father and that while the child was so engaged the mother was kissing the father. (The testimony further disclosed that on numerous occasions the child was forced to commit sodomy upon her father.) When the incident was first reported, the respondent stated that she had not participated in it. She was, therefore, awarded temporary custody of the children and was advised to take them to her mother's home in Brooklyn. Contrary to that advice, the respondent kept her three young children in a car for the entire weekend with a male friend. The respondent failed to appear at the hearings held on August 5, 1976 and March 4, 1977, although she had been duly notified of both hearings. The respondent has been represented by five different attorneys, four of whom requested and were granted permission to withdraw because the respondent failed to co-operate. At the hearing conducted on March 4, 1977, a psychiatrist testified that it was in the children's best interest not to have any visitation with the respondent and that the children should remain in their foster home without any contact with the respondent. The respondent has not seen the children for approximately 15 months because, on July 8, 1977, this court granted a stay of the three orders permitting visitation pending the determination of these appeals and pending the determination of the petitions for

guardianship and the petition to terminate placement. Based upon the entire record we do not believe that permitting the respondent to visit with her children one day a month at the office of the Department of Social Services would be in the best interests of the children. Subsequent to the Family Court orders dated March 21, 1977, the appellant filed petitions for guardianship of the three children and the respondent filed a petition for termination of the placement. On May 19, 1978 the Family Court improperly denied the appellant's motion for a preference in the hearing of those petitions. The Family Court should proceed to an immediate hearing. Upon that hearing there can be a full exploration as to whether it would be in the best interests of the children to grant the petitions for guardianship and permit the children to be eligible to be adopted by the persons with whom they have resided for the major portion of their lives. At that hearing the respondent will be afforded another opportunity to present whatever proof she deems appropriate to support her petition for termination of the placement and to oppose the appellant's request for guardianship of her three children. Mollen, P. J., Hopkins, Titone, Hawkins and O'Connor, JJ., concur.