■ In the Matter of RHONDA T., a Child Alleged to be Abused. ORANGE COUNTY COMMISSIONER OF SOCIAL SERVICES, Appellant; NAOMI T. et al., Respondents. — In a child protective proceeding pursuant to article 10 of the Family Court Act, the appeal is from an order of the Family Court, Orange County (Mishkin, J.), dated April 8, 1983, which dismissed the proceeding against the child's parents. Order reversed, on the law, without costs or disbursements, and the proceeding is remitted to the Family Court, Orange County, for a fact-finding and dispositional hearing. In the interim, the child is committed to the custody of the petitioner, the Commissioner of the Department of Social Services of the County of Orange. At the outset of a fact-finding hearing, the Family Court dismissed the petition based upon the petitioner's interview of the respondent parents outside the presence of counsel, and, apparently, the fact that petitioner's entire case report was drafted after the petition was filed. The court refused to accept any evidence to sustain the allegations of abuse contained in the petition. Without deciding the issue, we note that the court arguably had the power to suppress the parents' statements made at the interview as an abuse of disclosure pursuant to CPLR 3103 (subd [c]) (see *Juskowitz v Hahn,* 56 Misc 2d 647). However, the court was without power to dismiss the petition itself. Subdivision (c) of section 1051 of the Family Court Act authorizes the court to dismiss a petition alleging child abuse if "facts sufficient to sustain the petition under this article are not

established". The court did not engage in fact finding and was therefore without power to dismiss. Indeed, the court abdicated its role as *parens patriae* and "treated the matter as solely a search for the fixation of blame * * * and completely ignor[ed] the statutory stated purpose of article 10 of the act: child protective proceedings" (*Matter of Charmine W.,* 61 AD2d 769, 770). The court's duty was not carried out, and we remit for that purpose. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.