■ In the Matter of MELISSA U. and Another, Alleged to be Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SUE U. et al., Respondents. DANA U., Intervenor-Respondent.—Harvey, J. Appeals from two orders of the Family Court of Broome County (Esworthy, J.), entered December 4, 1987 and January 11, 1988, which, inter alia, dismissed that part of petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children of respondent Sue U. to be neglected by her.

In the early morning hours of October 30, 1986, the occasional live-in boyfriend of respondent Sue U. (hereinafter respondent), respondent Frank V., burst into respondent's mobile trailer home in an intoxicated condition and severely beat and terrorized her in front of her two daughters, Melissa, age six, and Cassandra, age 10. Apparently, some sexual

contact of a deviate nature also took place between Frank and respondent at this time. Respondent finally was able to escape with her children at approximately 7:00 A.M. and ran to a neighbor's home where help was summoned. Respondent's injuries from the beating were quite severe and her children were terrified, especially because Frank threatened them repeatedly throughout the ordeal. Although criminal charges were filed against Frank, respondent later retracted her allegation that Frank sexually assaulted her. Frank thereafter pleaded guilty to attempted burglary in the second degree and was released on probation. On January 29, 1987, following his release from jail, Frank went immediately to live at respondent's home. The children were taken the next day by petitioner, which had filed a neglect petition against respondent. A few days later, respondent and Frank married. Petitioner then caused amended and supplemental petitions to be filed which also named Frank as a respondent and described other incidents prior to October 1986 demonstrating Frank's violent tendencies. Notably, respondent brought an application seeking to regain custody of her children while the children's natural father intervened in this proceeding for that purpose. Following a fact-finding hearing, Family Court found Frank guilty of neglect but did not do so with respect to respondent.* Petitioner now appeals.

The amended petition filed against respondent charged her with neglect of her children in that she failed to exercise a minimum degree of care in providing them with proper supervision or guardianship. Petitioner alleges that Family Court erred by finding that respondent could not be found neglectful by omission with respect to the October 30, 1986 incident at her home. According to petitioner, the extensive evidence produced demonstrating that respondent knew of Frank's violent nature prior to this incident demands a finding that respondent neglected her children at that time. We disagree with this characterization. A finding of neglect cannot be sustained in the absence of evidence that the parent knew or should reasonably have known that the child was in imminent danger of becoming physically, mentally or emotionally impaired (Family Ct Act § 1012 [f] [i] [B]; *Matter of Sara X.*, 122 AD2d 795, 796, *appeal dismissed* 69 NY2d 707). Regardless of any knowledge respondent may have had of Frank's vicious

---

* The children were placed in petitioner's temporary custody and liberal visitation rights were given to respondent and the natural father. An order of protection was issued prohibiting Frank from being in the children's presence.

temperament prior to October 1986, the evidence does not support a finding that she neglected the children on the evening in question. Instead, the record demonstrates that Frank and respondent had been estranged at that time and respondent was seeing another person. Upon hearing of this, Frank became drunk and unexpectedly broke into respondent's home in order to brutalize the family. It is undisputed that respondent took the children to safety as soon as possible. Frank broke into the home without warning and, since respondent could not overpower him, we see no basis for a finding of neglect on respondent's part relating to this incident.

Nonetheless, we find that respondent's actions following this attack formed a sufficient basis for a finding of neglect on her part as alleged in the amended and supplemental petitions. As a parent, respondent was responsible for ensuring that no "harm, or a substantial risk thereof" would be allowed to be inflicted on her children (Family Ct Act § 1012 [f] [i] [B]). Rather than meeting this responsibility and ensuring her children's safety, respondent retracted many of her criminal allegations against Frank and, immediately following his release from jail, allowed him to move back into the trailer home despite the fact that the children were terrified of him and still emotionally traumatized by the October 1986 incident. Moreover, respondent took Frank back in even though she was aware that he was not undergoing alcohol therapy at that time.

In our view, these facts establish an intention on respondent's part to elevate her feelings for Frank over any concern she might have for her own children. The facts say little for her judgment and capacity to adequately protect her daughters from further emotional harm (cf., Matter of Katherine C., 122 Misc 2d 276, 278-279). Since respondent was clearly unwilling to protect her children from the very real threat presented by Frank, it became incumbent on petitioner to intervene on their behalf. Under these circumstances, we find that a preponderance of the evidence introduced at the fact-finding hearing establishes that respondent neglected her children by allowing Frank back into her home in January 1987 (see, Family Ct Act § 1046 [b] [i]). Viewed objectively, a reasonable and prudent parent would not have so acted under the circumstances then and there existing (see, Matter of Katherine C., supra, at 278). Accordingly, this finding of neglect on respondent's part necessitates that the matter be

remitted to Family Court to determine whether an alternate disposition of the matter is required (see, Family Ct Act § 1045; *Matter of Tammie Z.,* 66 NY2d 1, 3).

Order entered December 4, 1987 modified, on the facts, without costs, by reversing so much thereof as dismissed the petition against respondent Sue U.; petition granted against said respondent upon a finding that she neglected her children on or about January 29, 1987; and, as so modified, affirmed.

Order entered January 11, 1988 reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.