■ COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. In the Matter of MARIA L. and Another, Children Alleged to be Abused. EVELYN S., Respondent.—Order, Family Court, Bronx County (Marjory D. Fields, F.C.J.), entered March 8, 1989, dismissing both petitions without prejudice, unanimously reversed, on the law, the facts and in the exercise of discretion, and the petitions reinstated, without costs.

It was error for the court, on its own motion, to dismiss these child protection proceedings commenced under article 10 of the Family Court Act, alleging abuse and neglect by respon-

dent mother with respect to her four-year-old daughter and neglect with respect to her 15-year-old son.

At the hearing of this matter on March 8, 1989, the petitioning Commissioner of Social Services (Commissioner) was ready to present his case. The Law Guardian for the son requested an adjournment because the youth had not been produced in court by his then lawful custodian. Neither the Commissioner nor the Law Guardian for the daughter opposed this application. Indeed, the Law Guardian for respondent also joined in the application and sought a court order to compel the drug treatment facility where respondent was undergoing care to produce her at the adjourned date.

The court responded by *sua sponte* dismissing these petitions essentially for failure to prosecute under CPLR 3216, made applicable in a limited manner to Family Court proceedings by Family Court Act § 165. True, the petitions had been filed on August 19, 1988, and the case had been on the calendar half a dozen times over the previous seven-month period. However, there were good and sufficient reasons for the delay of trial, and none of the criteria for dismissal pursuant to CPLR 3216 had been satisfied. Lacking was any 90-day written notice and demand for prosecution, which notice could not have been furnished until the expiration of one year after joinder of issue. Furthermore, it was improper for the court to charge petitioner with the failure to produce either the respondent mother or her son; the Commissioner's responsibility for the appearances of the parties ended with service of proper notice, which was furnished here.

To the extent that the court may have viewed its ruling as discretionary, it was improvident to dismiss these petitions, one of which contained the gravest allegations of sexual abuse committed upon the four-year-old female child. As a policy matter, priority in scheduling is to be given to proceedings involving allegations of abuse (Family Ct Act § 1049; *see, Matter of Loretta Ann M.,* 65 AD2d 585, 586). Dismissal here, even without prejudice, would temporarily terminate the jurisdiction of the court, thereby interrupting a course of therapy for the four-year-old infant and jeopardizing her continued placement with her paternal grandmother. In view of the clearly apparent adverse consequences, dismissal of these petitions exacerbated rather than alleviated the problem of delayed disposition which Family Court was attempting to address. Concur—Kupferman, J. P., Carro, Asch, Wallach and Smith, JJ.