■ In the Matter of SHEVON C. and Others, Children Alleged to be Neglected. DALIANA O., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. In the Matter of ROSALIA R., a Child Alleged to be Abused. CARMEN R., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. In the Matter of GERALD R. and Others, Children Alleged to be Neglected. CHRISTINE D., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.—Order of the Family Court, Bronx County (Marjory Fields, J.), entered on or about April 10, 1989, which dismissed the neglect petition against respondent mother, Daliana O., for failure to prosecute, unanimously reversed, on the law, the facts and in the exercise of discretion and the petition reinstated, without costs.

Order of the Family Court, Bronx County (Marjory Fields, J.), entered on or about January 16, 1990, which dismissed the abuse petition against respondent mother, Carmen R., for failure to prosecute, unanimously reversed, on the law, the facts and in the exercise of discretion and the petition reinstated, without costs.

Order of the Family Court, Bronx County (Marjory Fields, J.), entered on or about February 13, 1990, which dismissed the neglect proceeding against respondent mother, Christine D., for failure to prosecute, unanimously reversed, on the law,

the facts and in the exercise of discretion and the petition reinstated, without costs.

In each of these three cases, consolidated for the purposes of this appeal, Family Court Judge Marjory Fields dismissed the proceedings *sua sponte* for failure to prosecute (CPLR 3216; Family Ct Act § 165), upon the nonappearance of either counsel, a material witness, or a caseworker. While the record in each case contains a litany of adjournments and nonappearances that would try the patience of any Judge, dismissal was not warranted. It bears repetition that dismissal is a harsh remedy which ought not to be imposed without the utmost caution. This is particularly true in abuse and neglect proceedings where the consequences of improvident dismissal may be deleterious to the welfare of the children in whose behalf the proceedings are brought. In the cases at bar, where written demands for prosecution had not been served *(see,* CPLR 3216) and where examination of the records discloses that in each instance there was good and sufficient reason for the delay of trial, there existed neither procedural nor substantive predicate for the court's action *(see, Matter of Maria L.,* 152 AD2d 466). Having said this, however, it is only fair to note that several of the circumstances which so frustrated the court could have been averted had petitioner's counsel been more attentive; in two of the three cases the immediate precipitant of the dismissal was the absence of the Corporation Counsel from the courtroom when the case was called. Given the extreme demands upon the judicial resources of the Family Court, the cooperation of all concerned is required if cases are not to languish on the docket. While the interests of the children involved in these proceedings are not served by abrupt dismissal, neither are they advanced by unnecessarily prolonged proceedings. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.