■ In the Matter of L. CHILDREN, Alleged to be Neglected. LILLIAN T. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES, Appellant.—Order of the Family Court, Bronx County (Philip Segal, J.), entered October 21, 1991, which dismissed three child neglect petitions, is unanimously reversed, on the law and facts and in the exercise of discretion, without costs, the petitions reinstated and remanded for further proceedings in the Family Court.

Three child neglect petitions were brought by the Commissioner of Social Services alleging that respondent Richie I. inflicted excessive physical punishments on the three children and used illegal drugs in the home and that the respondent

mother Lillian T. failed to protect the children from the beatings and had allowed Richie I. to expose the children to drug use.

The children were removed from the home on an emergency basis, and after a hearing pursuant to Family Court Act § 1028, at which the mother was represented by counsel, the Family Court made a finding of imminent danger and remanded the children to the custody of the petitioner Commissioner.

Thereafter, the matter was adjourned repeatedly, but for reasons unrelated to the petitioner, who was present at each adjourned date. While the matter was set down for trial in September of 1991, the trial date was changed to October 18 at the request of the mother's attorney and the Law Guardian. On that date, petitioner, once again, was ready for trial at 9:30 A.M., but the father's counsel (the children had been released to the father under CWA supervision) and the Law Guardian were not present. At 2:30 P.M., the petitioner's attorney left for a trial in another part after informing the court which agreed the matter would be recalled at 4:15 P.M. when that attorney would be available. At 4:05 when she returned, neither counsel for the children's father nor the Law Guardian was present. In any event, the trial commenced at 4:35 P.M. with the testimony of Ms. Susan Smith, a social worker with St. Dominic's Foster Care Agency. The court interrupted that testimony and put the matter over until the following Monday. Although the petitioner explained that Ms. Smith was leaving on a vacation and would return the next week on Thursday or Friday, the court refused a request for an adjournment. On Monday, October 21, the petitioner's attorney notified the court that her sole witness was on vacation and out of the jurisdiction and again requested a one week adjournment, to which the Law Guardian had no objection. The court denied the motion and dismissed the petition finding the caseworker's failure to appear was "willful".

We find that the dismissal of these neglect petitions was an abuse of discretion. We have previously held that: "[D]ismissal is a harsh remedy which ought not to be imposed without the utmost caution. This is particularly true in abuse and neglect proceedings where the consequences of improvident dismissal may be deleterious to the welfare of the children in whose behalf the proceedings are brought." (Matter of Shevon C., 163 AD2d 14, 15.)

Here, the testimony at the prior hearing had already demonstrated that the children were at risk. The testimony of Ms.

Smith, at the fact-finding hearing, although limited, supported the allegations of the petitions. Under these circumstances, it was an abuse of discretion not to grant a short one week adjournment as sought.

In addition, as noted, *supra,* the petitioner had been prepared to proceed at every earlier date and had requested no adjournments before the motion on October 18, which was renewed on October 21. The petitioner properly notified the court at the October 18th hearing that the witness, who was not an employee of the petitioner and not within the petitioner's control, was going on vacation for a short time. These facts do not establish a "willful" failure of the witness to appear or any willfulness in the failure of petitioner to produce her on the adjourned date. Concur—Milonas, J. P., Kupferman, Ross, Asch and Rubin, JJ.