■ COMMISSIONER OF SOCIAL SERVICES, on Behalf of CLARA DEJ. and Others, Children Alleged to be Neglected, Appellant. BETZAIDA P., Respondent.—Order, Family Court, New York County (Judith Sheindlin, J.), entered September 20, 1991, which, without a hearing, dismissed neglect proceedings for failure to state a cause of action, reversed, on the law, without costs, the petitions reinstated and the matter remanded to the Family Court for fact-finding and dispositional hearings and, in the interim, the children are remanded to the custody of the Commissioner.[1]

---

1. By order of a Justice of this Court (Ernst H. Rosenberger, J.), entered November 7, 1991, *inter alia,* the subject children, as well as Manuel O., were conditionally remanded to the Commissioner pending this appeal. We note that as of November 23, 1991, Manuel O. was eighteen years of age and

Commissioner appeals from the Family Court order of dismissal and is supported by the Law Guardian.

On September 28, 1988, pursuant to a finding of neglect, the children of respondent Betzaida P.[2] were placed in the custody of the Commissioner. The subject children are Manuel O. (born 11/23/73), James O. (born 11/24/74), Clara deJ. (born 9/23/82), Jose deJ. (born 8/9/81) and Sade L. (born 1/25/86). Since 1988, the children have resided with maternal aunts. The neglect finding was based upon the mother's addiction to "crack" cocaine.

In 1989 and 1990, the court extended the children's placement with the Commissioner because of the mother's failure to complete a drug rehabilitation program. However, in March 1991, the placements lapsed when the agency "inadvertently" failed to file for extensions. In an effort to correct this unexplained error, the Commissioner filed new neglect petitions, dated September 19, 1991, alleging, *inter alia,* that the children were at risk of physical, mental or emotional impairment because of respondent's continuing drug problem and failure to obtain treatment. The Family Court dismissed the petitions without holding a fact-finding hearing, stating that there were "no new grounds for neglect" where, since 1988, the children had not and then did not reside with the mother. The relatives with whom the children resided were not in court, but it was suggested by the court that they seek legal custody.

Article 10 of the Family Court Act clearly requires that a fact-finding hearing be held on the issue of neglect (Family Ct Act § 1051; *see also, Matter of Rhonda T.,* 99 AD2d 758, 759 [1984]). Although the children have not resided with their mother since 1988, a finding of neglect at this time is possible *(see, Matter of Patrick D.,* 93 AD2d 836 [1983]). The petitions clearly stated that possibility by virtue of the contentions concerning respondent. Moreover, a plenary hearing to determine the mother's present inability to care for the children and their best interests is required where there was a prior, albeit lapsed, adjudication of neglect for the same reasons which were alleged in the new petitions and where the children, because of the lapse, were effectively remanded to their mother *(see, Matter of Susan F.,* 59 AD2d 783, 784 [1977]; *Matter of Changa W.,* 123 AD2d 435, 436 [1986]).

---

that, accordingly, his placement pursuant to these Family Court proceedings requires his consent (Family Ct Act § 1055 [e]).

2. Respondent did not appear before the Family Court and she has not appeared before this Court.

Finally, by this decision we do not condone the carelessness of the agency which allowed the placements to lapse. Certainly, such conduct is contrary to the best interests of the children placed in its care. Concur—Milonas, J. P., Wallach and Smith, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The Family Court Judge approached this matter in a very practical and intelligent way.

She stated, "There is no new neglect in this case. The custodians, who are the relatives of these children, who have [had] them in their custody for 3½ years, should come in and file for custody because that is the *de facto* arrangement, it should be the legal one. There is no cause of action, in this case. The case is dismissed."

Three of the children are with one maternal aunt and the other two are with another maternal aunt since 1988.

This is a very logical disposition and, under the circumstances, there was no reason for the Commissioner to take further action at this time.