■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOHN S. and Others, Children Alleged to be Abused and Neglected, Appellant, v PETER B., Respondent, and EDYTHE S., Respondent. [639 NYS2d 400] —In a neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Dutchess County (Pagones, J.), entered October 14, 1994, as dismissed the petition insofar as it was asserted against the mother.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a fact-finding hearing.

Family Court Act article 10 permits a finding of neglect to be made if a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent to exercise a minimum degree of care" "in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). Pursuant to article 10, "[c]hild protective authorities need not wait until harm actually befalls a child before they may intervene * * * and the children may be deemed to be neglected by dint of * * * future conduct on the part of the parent or other custodian * * * so long as the risk to the children is 'imminent' " (*Matter of Kasey C.,* 182 AD2d 1117, 1118).

The Family Court erred by dismissing the neglect petition insofar as it was asserted against the mother without conducting a fact-finding hearing on the ground that there was no evidence that the children would be subjected to sexual abuse in the future. "Article 10 of the Family Court Act clearly requires that a fact-finding hearing be held on the issue of neglect" (Commissioner of Social Servs. [Clara deJ.], 186 AD2d 33, 34; *see also, Matter of Rhonda T.,* 99 AD2d 758). Moreover, a finding of neglect may appropriately be entered if the petitioner establishes at a fact-finding hearing that the mother placed the

children at risk of physical and emotional harm by marrying her boyfriend and permitting him to move into the family home despite the facts that he had sexually abused children repeatedly in the past, that he had attended only eight sessions of an incest counseling program, and that criminal charges in connection with the prior incidents of abuse were still pending against him (*see, Matter of Tiffany H.,* 216 AD2d 738; *Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W.,* 210 AD2d 328; *Matter of Kasey C., supra; Matter of Melissa U.,* 148 AD2d 862). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.