■ In the Matter of MELISSA B., a Child Alleged to be Neglected. MARILYN B. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [639 NYS2d 348]

The petition against respondents, the biological parents of Melissa B., alleged that the infant had been born prematurely and had tested positively for cocaine; that the mother admitted using drugs during her pregnancy; that two siblings had also tested positively for cocaine at birth; that findings of neglect had been made previously against respondents as to three siblings; and that the father, who lived with the mother and knew or should have known of her drug use, also had a history of drug use.

The Family Court dismissed the petition under the following circumstances. The case was first called at 10:30 A.M. on February 2, 1995, at which time an attorney for petitioner as well as the law guardian were present. After a brief discussion of the status of respondents' other children, the court stated that the matter would be recalled "in about 10 minutes" for an inquest. The case was recalled at 10:50 A.M., and, upon making note of the time and the presence of "no one" except the caseworker, the court dismissed the petition without prejudice, staying the order for ten days. We note that, according to the appellate briefs, the Assistant Corporation Counsel assigned to the case had been called and notified of the court's intention to hold the inquest, but arrived minutes after the petition had already been dismissed.

The court's precipitous dismissal of the petition *sua sponte* was without statutory authority and far too harsh a remedy for the negligible lateness of petitioner's counsel. Dismissal is authorized pursuant to Family Court Act § 1051 (c) only where the court determines that there are insufficient facts to sustain the petition or that the court's intervention is unnecessary. Here, the court dismissed the petition without any fact-finding whatsoever—indeed, without *any* inquiry into the circumstances of the subject child—and despite knowledge of the

family's troubled history, the law guardian's statement on the record that one child had been murdered recently by the brother of the father's girlfriend, and the current placement of three siblings of the child in question (*see, Matter of L. Children*, 183 AD2d 624, 625). It was particularly inappropriate to dismiss the petition in such haste in the absence of the law guardian (*see, Matter of Burns*, 66 AD2d 740), who had not returned to the courtroom by 10:50 A.M.

Dismissal may also be warranted where there is a failure to prosecute (CPLR 3216; Family Ct Act § 165), but the circumstances of the instant case hardly constitute such failure. There was no written demand for prosecution; the underlying petition was filed only one month earlier, on January 5, 1995, and service had only just been made on all the necessary parties. On a number of prior occasions, in cases involving behavior far more egregious than a solitary instance of a few minutes' lateness, this Court has made it clear that dismissal of a petition is an inappropriate remedy (*see, e.g., Matter of Ingrid R.*, 209 AD2d 177); this is true even where dismissal is without prejudice (*Matter of Shevon C.*, 163 AD2d 14; *Matter of Maria L.*, 152 AD2d 466).

Most importantly, such premature dismissal may place the subject child in potential jeopardy by interrupting petitioner's custody of the child and delaying the court's ability to address the underlying problem (*Matter of Maria L., supra*). Such jeopardy is all the more real in cases such as this where findings of neglect have previously been made against respondents as to their other children. Thus, while the court's action was presumably prompted by the desire to move forward expeditiously, it caused the very opposite result. Fortunately, in this case, any adverse consequence was averted because petitioner obtained a stay of enforcement of the dismissal and reinstatement of the child's remand to petitioner's custody pending determination of this appeal. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.