■ In the Matter of RACHEL C. and Others, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY R., Appellant, et al., Respondent. (Appeal No. 1.) [700 NYS2d 926] —Appeal unanimously dismissed without costs (*see, Matter of Lisa E.* [appeal No. 1], 207 AD2d 983). (Appeal from Order of Erie County Family Court, Mix, J.—Neglect.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.

■ In the Matter of RACHEL C. and Others, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY R., Appellant. (Appeal No. 2.) [700 NYS2d 925] —Order unanimously reversed on the law and facts without costs and petition dismissed. Memorandum: Family Court erred in determining that respondent neglected her four children. The specific allegations concerned only Rachel and Joseph. With respect to Rachel, the petition alleged that respondent's boyfriend grabbed the child by the neck (*see,* Family Ct Act § 1012 [f] [i] [B]). A finding of neglect cannot be sustained where, as here, there is no evidence that the parent "knew or should reasonably have known that the child was in imminent danger of becoming physically, mentally or emotionally impaired" (*Matter of Melissa U.,* 148 AD2d 862, 863). Furthermore, the court's determination that respondent did not attempt to locate Rachel for several days after the incident was erroneously based entirely on hearsay evidence (*see,* Family Ct Act § 1046 [b] [iii]). Thus, the evidence is legally insufficient to establish that respondent neglected Rachel.

With respect to Joseph, the petition alleges that respondent was not at home when the child returned from school. Respondent explained that she is blind and therefore was unable to read the written notice of the early dismissal. Respondent testified that she was at the Family Court office filing a PINS petition regarding Rachel when Joseph returned home early. That testimony was not controverted by petitioner, but the court failed to credit respondent's explanation. "In the exercise of our independent power of factual review, we make a different credibility determination" (*Matter of Michael C.,* 170 AD2d 998, 999) and thus determine that petitioner failed to meet its

burden of proving neglect of Joseph by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]).

There are no specific allegations with respect to the other two children, who were apparently found to be derivatively neglected. Having determined that the order insofar as it concerns Rachel and Joseph must be reversed, we conclude that the order insofar as it concerns the other two children must also be reversed. (Appeal from Order of Erie County Family Court, Mix, J.—Neglect.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.