■ In the Matter of Jonathan M., a Child Alleged to be Neglected. Suffolk County Department of Social Services,

Appellant; JULEE M., Respondent. (Proceeding No. 1.) In the Matter of JONATHAN M., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; GREG H., Respondent. (Proceeding No. 2.) [761 NYS2d 280] —In two related neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered December 13, 2002, which, without a fact-finding hearing, dismissed the petitions. By decision and order on motion dated January 21, 2003, this Court, inter alia, stayed enforcement of the order entered December 13, 2002, pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matters are remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

The Family Court had jurisdiction to adjudicate the neglect proceedings which were commenced before the subject child's 18th birthday (*see* Family Ct Act § 1012 [f]). Rather than holding a fact-finding hearing, the Family Court dismissed the petitions stating that sufficient facts had not been established to sustain the petitions. This was error. The allegations of the petitions were sufficient to require the Family Court to hold a fact-finding hearing (*see* Family Ct Act § 1027 [b] [i]; 1051 [c]; *Matter of Dutchess County Dept. of Social Servs. [John S.] v Peter B.,* 224 AD2d 617 [1996]; *Matter of Clara deJ.,* 186 AD2d 33, 34 [1992]; *cf. Matter of Rhonda T.,* 99 AD2d 758 [1984]). Only at the conclusion of a fact-finding hearing can the Family Court dismiss the petitions upon determining that its aid is not required on the record before it and, in that event, it must state on the record the ground(s) for dismissal (*see* Family Ct Act § 1051 [c]).

Although the child attained the age of 18 subsequent to the dismissal of the petitions, he now consents to the extension of his placement. Thus, the Family Court has jurisdiction to extend his placement (*see* Family Ct Act § 1055 [e]; *Ruskin v Rockland County Dept. of Social Servs.,* 162 Misc 2d 707, 709 [1994]).

Accordingly, the petitions have not been rendered academic, and we reinstate the petitions and remit the matters to the Family Court, Suffolk County, for further proceedings consistent herewith. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.