■ In the Matter of ISMAEL M., JR, a Child Alleged to be Neglected. ISMAEL M., Respondent; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant, et al., Respondent. [770 NYS2d 31]—

Order, Family Court, New York County (Helen Sturm, J.), entered on or about July 12, 2002, which, in this child neglect proceeding pursuant to Family Court Act article 10, dismissed the petition against respondent father Ismael M., unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the petition reinstated against respondent father and the matter remanded for further proceedings in Family Court.

The New York City Administration for Children's Services (the ACS) commenced this proceeding seeking a determination that Ismael M., Jr., born on November 22, 1999, was a neglected child based upon his parents' failure to provide adequate supervision and guardianship. The petition alleged, inter alia, that respondent father, who, upon information and belief, was consuming alcoholic beverages at the time, dragged respondent mother, by her hair, across their apartment while the subject child was in his mother's arms. The petition also alleged that respondent father misuses drugs and is not attending a drug rehabilitation program. Respondent father, as a result of the foregoing incident, pleaded guilty to harassment in the second degree on or about March 22, 2001, and received a conditional discharge and a one-year order of protection.

A fact-finding hearing was conducted on January 25, 2002, at which time Detective Laura Stuart of the New York City Police Department's Housing Bureau testified that in response to a radio run, she went to respondents' apartment where respondent father, who appeared intoxicated, told her that respondent

mother threw pliers at him and bit him. Detective Stuart further testified that respondent mother informed her that when she attempted to leave the apartment with the child, respondent father grabbed her by the hair and pulled her, and the baby, back into the apartment. Detective Stuart arrested both parents.

At the conclusion of the hearing, the petition was dismissed as against respondent mother and a finding of neglect was made against the father, who failed to appear at the hearing. Respondent father thereafter moved, by order to show cause, for an order vacating his default, and the finding of neglect, on the grounds that he was never served with the summons and petition and was not informed that the matter was scheduled to be heard on January 25, 2002. The Family Court, on consent of all the parties, granted respondent father's motion and scheduled a hearing for July 12, 2002.

At the second hearing, the ACS offered into evidence the same certificate of disposition concerning respondent father's conviction of harassment that had been admitted at the first hearing, as well as the transcript from the plea proceedings. The Family Court denied admission on relevance grounds and directed the ACS to call its first witness. At that juncture, the ACS stated it did not have a witness present and requested the case be recalled. The Family Court denied the request and again directed the ACS to call its first witness, at which time the ACS asked the Family Court, a second time, to admit the certificate of disposition and the plea transcript into evidence and to take judicial notice of the prior hearing, which request was denied.

The ACS then called Janice Pemberton, an ACS caseworker, who testified that she recognized the oral report transmittal (ORT) from the State Central Agency, dated January 1, 2001, regarding a report of suspected child abuse made by a police officer. The ORT, which summarized the "incident of domestic violence," was received in evidence. The ACS, after the Family Court again denied admission of the plea minutes, asked for a continuance as Detective Stuart was unavailable and, when that request was denied, asked the Family Court to take judicial notice of Detective Stuart's testimony from the January 25, 2002 hearing. The Family Court denied the ACS request, dismissed the petition, and directed its previous orders remain in effect despite the petition's dismissal. The ACS appeals and we now reverse.

As we have previously held, "dismissal is a harsh remedy which ought not to be imposed without the utmost caution. This is particularly true in abuse and neglect proceedings where

the consequences of improvident dismissal may be deleterious to the welfare of the children in whose behalf the proceedings are brought" (*Matter of Shevon C.*, 163 AD2d 14, 15 [1990]; *see also Matter of Melissa B.*, 225 AD2d 452, 453 [1996]; *Matter of L. Children*, 183 AD2d 624, 625 [1992]).

In this matter, the Family Court's sua sponte dismissal of the petition was far too harsh a remedy, and was clearly not in the best interests of the child, given the prior testimony of Detective Stuart, which indicated respondent father was abusive toward the mother, endangered the welfare of the child, and suffered from what appeared to be an alcohol and/or drug problem. It must also be noted that the ACS request for an adjournment, its first such request of that hearing, in order to secure the appearance of a material witness, was reasonable. Concur—Nardelli, J.P., Mazzarelli, Andrias, Saxe and Williams, JJ.