■ In the Matter of CHANDLER D., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CAROLE D., Respondent, et al., Respondents. (Proceeding No. 1.) In the Matter of CHARLOTTE D., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CAROLE D., Respondent, et al., Respondents. (Proceeding No. 2.) [791 NYS2d 451]—In two related neglect proceedings pursuant to Family Court Act article 10, the Nassau County Department of Social Services appeals from an order of the Family Court, Nassau County (Pessala, J.), dated August 10, 2004, which granted the motion of the respondent mother, Carole D., to dismiss the petitions in both proceedings insofar as asserted against her.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the petitions in both proceedings are reinstated insofar as asserted against Carole D.

The Family Court erred in dismissing the neglect petitions insofar as asserted against the respondent Carole D. without holding a fact-finding hearing (*see Matter of Jasmine S. [Mirayah S.]*, 1 AD3d 257 [2003]; *Matter of Jonathan M.*, 306

AD2d 413 [2003]). "Only at the conclusion of a fact-finding hearing can the Family Court dismiss the petitions upon determining that its aid is not required on the record before it and, in that event, it must state on the record the ground(s) for dismissal (*see* Family Ct Act § 1051 [c])" (*Matter of Jonathan M., supra* at 414). Accordingly, Carole D.'s motion to dismiss the petitions insofar as asserted against her should have been denied. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.