■ In the Matter of LATANYA C. COMMISSIONER OF NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; VAUGHN C. (Anonymous), Respondent. LARRY S. BACHNER, Law Guardian, Nonparty Appellant. (Proceeding No. 1.) In the Matter of DANIELLE C. COMMISSIONER OF NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; VAUGHN C., Respondent. LARRY S. BACHNER, Law Guardian, Nonparty Appellant. (Proceeding No. 2.) [830 NYS2d 746]—

In two related child protective proceedings pursuant to Family Court Act article 10, the petitioner and the Law Guardian for the children separately appeal from a fact-finding order of the Family Court, Queens County (Richroath, J.), dated March 28, 2006, which, after a fact-finding hearing, dismissed the petitions, with prejudice.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matters are remitted to the Family Court, Queens County, for further proceedings before a different judge in accordance herewith.

The Family Court erred in dismissing the petitions in this case, involving the alleged sexual abuse of one child by her father and derivative sexual abuse of her sister, without completing the fact-finding hearing. "[D]ismissal is a harsh remedy which ought not to be imposed without the utmost caution. This is particularly true in abuse and neglect proceedings where the consequences of improvident dismissal may be deleterious to the welfare of the children in whose behalf the proceedings are brought" (Matter of Shevon C., 163 AD2d 14, 15 [1990]; see Matter of Jasmine S., 1 AD3d 257, 259 [2003]).

Although there had been "a litany of adjournments or nonappearances that would try the patience of any Judge" (Matter of Shevon C., supra at 15), under the circumstances of this case, there was no willful failure to prosecute. Moreover, without allowing for the completion of the cross-examination of the subject child who allegedly was sexually abused, the examination of that witness by the Law Guardian, and any redirect examination of that witness by the petitioner, the Family Court's determination to dismiss the petitions because the witness was not credible was erroneous (see Matter of Jasmine S., supra; Matter of Emanual David R., 119 AD2d 677 [1986]; see also Matter of Chandler D., 16 AD3d 684, 685 [2005]; Matter of Jonathan M.,

306 AD2d 413, 414 [2003]; *Matter of Dutchess County Dept. of Social Servs. v Peter B.*, 224 AD2d 617 [1996]). The matter must thus be remitted to the Family Court, Queens County, before a different judge, for the completion of these portions of the fact-finding hearing. Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.