■ In the Matter of CAMERON K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SAMUEL M., Appellant, et al., Respondent. [961 NYS2d 235]—

In a neglect proceeding pursuant to Family Court Act article 10, the father appeals (1) from an order of the Family Court, Richmond County (Wolff, J.), dated August 15, 2011, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the amended petition insofar as asserted against him for failure to state a cause of action or, in the alternative, pursuant to CPLR 3212 for summary judgment dismissing the amended petition insofar as asserted against him, and (2) as limited by his brief, from so much of an order of the same court, dated December 7, 2011, as granted, in part, the petitioner's motion for leave to amend the amended petition.

Ordered that the order dated August 15, 2011, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 7, 2011, is affirmed insofar as appealed from, without costs or disbursements.

" 'Only at the conclusion of a fact-finding hearing can the Family Court dismiss the petitions upon determining that its aid is not required on the record before it' " (*Matter of Chandler D.*, 16 AD3d 684, 685 [2005], quoting *Matter of Jonathan M.*, 306 AD2d 413, 414 [2003]; *see Matter of Jayann B. [David K.]*, 85 AD3d 911, 912 [2011]; *see also Matter of Dutchess County Dept. of Social Servs. v Peter B.*, 224 AD2d 617, 617 [1996]; *Commissioner of Social Servs.*, 186 AD2d 33, 34 [1992]; *Matter of Rhonda T.*, 99 AD2d 758, 758-759 [1984]; *cf. Matter of Sheena B. [Rory F.]*, 83 AD3d 1056, 1057 [2011]). In this case, the allegations in the amended petition were sufficient to require the Family Court to hold a fact-finding hearing (*see Matter of Jayann B. [David K.]*, 85 AD3d at 912; *Matter of Jonathan M.*, 306 AD2d at 414; *Matter of Dutchess County Dept. of Social Servs. v Peter B.*, 224 AD2d at 617; *Matter of Rhonda T.*, 99 AD2d at 758-759). Accordingly, in the order dated August 15, 2011, the Family Court properly denied that branch of the father's motion which was to dismiss the amended petition insofar as asserted against him pursuant to CPLR 3211 (a) (7). Furthermore, the father failed to establish his prima facie entitlement to judgment as a matter of law, and, accordingly, the alternative branch of his motion, which was for summary judgment dismissing the amended petition insofar as asserted against him, was properly denied.

" 'Leave to amend a pleading should be freely given (*see* CPLR

3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit' " (*Clark v Clark*, 93 AD3d 812, 816 [2012], quoting *Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]). " 'No evidentiary showing of merit is required under CPLR 3025 (b)' " (*Clark v Clark*, 93 AD3d at 816, quoting *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the Family Court providently exercised its discretion in granting, in part, the petitioner's motion for leave to amend the amended petition. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.