SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**434**

**CAF 13-00006**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF EDEN S., ELYSIUM S., AND
ARKADIAN S.
------------------------------------------
CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN     MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

JOSHUA S., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

SAMUEL P. GIACONA, AUBURN, FOR PETITIONER-RESPONDENT.

JAMES A. LEONE, ATTORNEY FOR THE CHILDREN, AUBURN.

---

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered November 20, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that Eden S. is an abused child and Elysium S. and Arkadian S. are derivatively neglected children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent father appeals from an order determining that he abused one child and derivatively neglected his two other children. We reject the father's contention that Family Court abused its discretion in denying his motion to dismiss the petition based upon petitioner's delay in proceeding with this matter (*see* § 1049). "[D]ismissal is a harsh remedy which ought not to be imposed without the utmost caution. This is particularly true in abuse and neglect proceedings where the consequences of improvident dismissal may be deleterious to the welfare of the children in whose behalf the proceedings are brought" (*Matter of Shevon C.*, 163 AD2d 14, 15; *see Matter of Ismael M., Jr. [Ismael M.]*, 2 AD3d 312, 313-314). Contrary to the father's further contention, the finding of abuse is supported by the requisite preponderance of the evidence (*see* § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3). Although the father is correct that the court failed to comply with Family Court Act § 1051 (e) by specifying the particular sex offense perpetrated upon the child as defined in Penal Law article 130, we conclude that the error is "technical in nature and harmless" (*Matter of Shannon K.*, 222 AD2d 905, 906). In light of the fact that the child was five years old at

the time of the contact, the specific offense could only be sexual abuse in the first degree (*see* Penal Law § 130.65 [3]; *Shannon K.*, 222 AD2d at 906).  Contrary to the father's further contention, where, as here, the underlying crime is sexual abuse, the court is permitted to infer the sexual gratification element from the conduct itself if that conduct involved the deviate touching of the child's genitalia, which is the case here (*see Matter of Olivia YY.*, 209 AD2d 892, 893).  We reject the father's contention that the out-of-court statements of the child found to be abused were not sufficiently corroborated (*see Matter of Nicole V.*, 71 NY2d 112, 118-119).  We further conclude that the finding of derivative neglect with respect to the two other children is supported by a preponderance of the evidence (*see Matter of Sheena D.*, 27 AD3d 1128, 1128-1129, *mod on other grounds* 8 NY3d 136).

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court