■ In the Matter of VERNICE B. ADMINISTRATION FOR CHILDREN's SERVICES, Appellant; MALINDA PATTON, Respondent. [10 NYS3d 323]—

Appeal from an order of the Family Court, Kings County (Daniel Turbow, J.), dated July 24, 2014. The order dismissed a child neglect petition pursuant to Family Court Act § 1051 (c).

Ordered that the order is reversed, on the law, without costs

or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a continued fact-finding hearing in accordance herewith and a new determination on the petition thereafter.

The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to article 10 of the Family Court Act, alleging that the subject child had been neglected by her legal guardian. Although the subject child attained the age of 18 during the pendency of the proceeding, she consented to the extension of her placement and the Family Court retained jurisdiction to adjudicate the neglect proceeding (*see* Family Ct Act §§ 1013 [c]; 1055 [e]; *Matter of Sayeh R.*, 91 NY2d 306, 310 n 1 [1997]; *Matter of Jonathan M.*, 306 AD2d 413, 414 [2003]). On the third day of the fact-finding hearing, before ACS completed the presentation of its case and before the attorney for the child presented any evidence, the Family Court dismissed the petition pursuant to Family Court Act § 1051 (c), on the ground that the aid of the court was not required. ACS appeals.

The information received by the Family Court indicating that the subject child was failing to participate in services offered by ACS and absconding from foster care did not provide a valid basis for determining that the aid of the court was not required within the meaning of Family Court Act § 1051 (c). Bearing in mind the court's parens patriae role in this child protective proceeding (*see Matter of Rhonda T.*, 99 AD2d 758 [1984]), the fact that the subject child may not be fully receptive to the court's aid does not mean that such aid is not required. ACS presented testimony demonstrating that the subject child is in need of, among other things, mental health services, which were not being adequately provided by the legal guardian. Consequently, and in view of the Family Court's failure to permit the full development of the record in this case, dismissal of the petition was inappropriate (*see Matter of Cameron K. [Samuel M.]*, 104 AD3d 688 [2013]; *Matter of Chandler D.*, 16 AD3d 684, 685 [2005]; *Matter of Jonathan M.*, 306 AD2d 413, 414 [2003]).

Accordingly, we reverse the order appealed from, reinstate the petition, and remit the matter to the Family Court, Kings County, for a continued fact-finding hearing, which is to be completed on an expedited basis, and a new determination on the petition thereafter. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.