■ In the Matter of PATRICIA LEONARDO, Appellant, v GLEN MEYERS, Respondent. [20 NYS3d 571]—

Appeal from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated November 13, 2014.

The order, after a hearing, dismissed a family offense petition, with prejudice, for failure to prosecute.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated and granted, and the matter is remitted to the Family Court, Richmond County, for a dispositional hearing and determination thereafter.

Since 2010, the petitioner and the respondent have been involved in a protracted, acrimonious dispute involving the custody of their grandchildren, the two children of their deceased daughter. In April 2013, the Family Court, Richmond County, awarded permanent custody of the grandchildren to the respondent and supervised visitation to the petitioner (see *Matter of Julian S. [Patricia L.]*, 121 AD3d 796 [2014]).

On June 24, 2013, the petitioner filed a family offense petition alleging that the respondent engaged in acts constituting, inter alia, aggravated harassment in the second degree. At a hearing held before a court attorney referee (hereinafter the referee), the petitioner testified that the respondent telephoned her and called her a "slut" and a "whore," and, when she hung up the telephone, he called back and her boyfriend answered and hung up. The petitioner testified that she recognized the voice on the telephone as the respondent's voice. The respondent did not testify or present a defense. Thereafter, the petitioner asked the Family Court to make an adverse inference as to the respondent's failure to testify.

At the conclusion of the hearing, the referee indicated that she found the petitioner credible, but nevertheless determined that, absent a course of conduct, the incident did not rise to the level of a family offense. In the written order that followed, the referee dismissed the petition, with prejudice, "due to failure to prosecute."

The record is devoid of any evidence that the petitioner failed to prosecute her family offense petition, or that the referee intended to dismiss the matter on that ground (see CPLR 3216). Moreover, to the extent that the petition was dismissed on the basis that the petitioner failed to establish a family offense, such dismissal was error. The referee found credible the petitioner's uncontroverted testimony that the respondent telephoned her and called her a "slut" and a "whore" with no legitimate purpose, and the respondent did not testify or offer any explanation or defense at the hearing.

In a family offense proceeding, the petitioner has the burden of proving, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see

Family Ct Act § 832; *Matter of Thompson v Fawcett*, 131 AD3d 620, 621 [2015]). Here, the petitioner met that burden by establishing the elements of aggravated harassment in the second degree, which does not require a course of conduct, by a preponderance of the evidence (Penal Law § 240.30 [former (2)]; *see People v Brown*, 61 AD3d 1007, 1009 [2009]). Accordingly, we reverse the order, reinstate and grant the petition, and remit the matter to the Family Court, Richmond County, for a dispositional hearing and a determination thereafter.

The petitioner's remaining contentions are academic in light of our determination. Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.