Matter of Crisell v Fletcher (2018 NY Slip Op 07016)





Matter of Crisell v Fletcher


2018 NY Slip Op 07016


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525627

[*1]In the Matter of PAULA CRISELL, Appellant,
v
SANDRA FLETCHER et al., Respondents, et al., Respondent. (Proceeding No. 1.)
In the Matter of SANDRA FLETCHER et al., Respondents, et al., Respondent,
v
PAULA CRISELL, Appellant. (Proceeding No. 2.)

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Monique B. McBride, Albany, for appellant.
Monica V. Carrascoso, Cooperstown, for Sandra Fletcher and another, respondents.
Larisa Obolensky, Delhi, attorney for the child.



MEMORANDUM AND ORDER
Aarons, J.
Appeals (1) from an order of the Family Court of Delaware County (Rosa, J.), entered August 10, 2017, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to compel respondents to comply with a prior order, and (2) from an order of said court, entered August 10, 2017, which dismissed petitioners' application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Paula Crisell (hereinafter the mother) and Barry Fletcher Jr. (hereinafter the father) are the parents of a son (born in 2005). Sandra Fletcher and Barry Fletcher Sr. (hereinafter collectively referred to as the grandparents) are the child's paternal grandparents and share joint [*2]legal custody of him with the father. Pursuant to a December 2016 order entered on consent, the mother had supervised therapeutic visitations with the child and the child's counselor once a week on a biweekly basis and, if the mother appeared at such visitations consecutively for four times, the mother would then have visitations with the child on alternate weekends. If, however, the mother did not complete the four consecutive therapeutic visitations, the mother's visitation would be suspended until a further court order. The mother completed the first three therapeutic visitations but encountered a scheduling issue with respect to the fourth visitation. In March 2017, the mother commenced proceeding No. 1 seeking to direct the grandparents to facilitate the fourth visitation. The grandparents opposed and, in proceeding No. 2, cross-petitioned to modify the December 2016 order by terminating or modifying the mother's visitation with the child.
At a May 2017 appearance, the grandparents indicated a willingness to have the mother repeat the four consecutive, biweekly therapeutic visits. The mother, however, refused and argued that she should not have to restart the four visits. Family Court encouraged the parties to continue the therapeutic visits and, pending the fact-finding hearing, permitted the mother to have phone contact with the child twice a week. A fact-finding hearing commenced in June 2017, wherein the parties agreed to call a witness out of turn and proceed first with evidence on the grandparents' cross petition. The sole witness who testified was the child's counselor and, after the completion of his testimony, the hearing was adjourned to August 2017.
At the August 2017 hearing date, the mother's counsel appeared but the mother was not present. The mother's counsel initially explained that he did not know where the mother was and that he had not heard from her since the June 2017 hearing date. The grandparents thereafter moved to dismiss the mother's petition for failure to prosecute. After some further discussion, Family Court stated that it would adjourn the matter for approximately 20 minutes and, if the mother had not appeared by then, her petition would be dismissed. Following the adjournment, the mother's counsel advised the court that he had just spoken with the mother, who explained that she could not be in attendance because she had just started a new job. When asked by the court whether he could proceed without the mother, the mother's counsel responded, "To the extent I can," and indicated that the mother wanted him to call the grandparents as witnesses. The grandparents objected on the basis that they would not be able to defend against the mother's petition without her presence. In response, Family Court noted, "I don't know that [the mother] can prove her case, that's the problem." After hearing more argument, Family Court granted the grandparents' motion to dismiss based upon the mother's failure to prosecute. This dismissal was embodied in an August 2017 order issued in proceeding No. 1. In view of the dismissal of the mother's petition, the grandparents withdrew their cross petition (proceeding No. 2), and the dismissal was embodied in a separate August 2017 order. These appeals by the mother ensued.[FN1]
We agree with the mother that Family Court's determination in proceeding No. 1 to dismiss her petition on the basis of failure to prosecute was erroneous. Although the mother was not present at the August 2017 hearing date, her absence was explained, albeit at the last minute, by her counsel, and counsel was ready to call the grandparents as witnesses as directed by the mother [FN2]. Notwithstanding counsel's intent to do so and before the close of all proof, Family Court expressed an opinion about the mother's ability to prove her case, never permitted the mother's counsel to offer testimonial proof and subsequently dismissed the mother's petition. Under these circumstances, we find that there was no failure by the mother to prosecute her petition (see Matter of Simmons v Ford, 163 AD3d 685, 685 [2018]; Matter of Latanya C., 37 AD3d 716, 716 [2007]), and Family Court erred in dismissing it (see Matter of Shevon C., 163 [*3]AD2d 14, 15 [1990]). Accordingly, the matter must be remitted to continue the fact-finding hearing on the mother's petition. In view of the foregoing, the mother's remaining contentions are academic.
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order in proceeding No. 1 is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal in proceeding No. 2 is dismissed, without costs.



Footnotes

Footnote 1: The mother's appeal from the order entered in proceeding No. 2 must be dismissed because she is not aggrieved by such order (see CPLR 5511).

Footnote 2: For these reasons, we find that the mother did not default and that the appeal from the order in proceeding No. 1 is properly before us (see Matter of Harris-Wilks v Harris, 56 AD3d 1063, 1063-1064 [2008]).