Matter of Lopez v Estrella (2025 NY Slip Op 04649)

Matter of Lopez v Estrella

2025 NY Slip Op 04649

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-10156
 (Docket No. V-3536-23)

[*1]In the Matter of Alex Lopez, appellant,
v
Yolaine Estrella, respondent.

Thorsen Law Offices, New City, NY (Eric Ole Thorsen of counsel), for appellant.
John R. Lewis, Sleepy Hollow, NY, for respondent.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Rockland County (Rachel T. Tanguay, J.), dated September 26, 2024. The order dismissed the petition without prejudice for failure to prosecute.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.
The parties are the parents of one child. In November 2023, the father commenced this proceeding pursuant to Family Court Act article 6 for parental access with the child. The Family Court directed the parties to cooperate with a clinical assessment program in New York so as to aid the court in making a parental access determination. However, the father, who lived in Florida, alleged that he was financially unable to participate in the program and to travel to New York. He also informed the court that he was initially seeking to have only telephone contact with the child. Following several virtual appearances by the father, the court advised the father that he would no longer be permitted to appear virtually, citing the father's disruptions during his prior virtual appearances. Thereafter, prior to the next scheduled court appearance, the father made "multiple" requests to be able to appear virtually but the court denied his requests. While the father was not present at the next scheduled court appearance, his attorney was present. In an order dated September 26, 2024, the court dismissed the petition without prejudice for failure to prosecute. The father appeals.
"[D]ismissal is a harsh remedy which ought not to be imposed without the utmost caution" (Matter of Latanya C., 37 AD3d 716, 716). A petition should not be dismissed for failure to prosecute where there is no indication of intentional default or willful abandonment (see e.g. Matter of Simmons v Ford, 163 AD3d 685, 685; Matter of Latanya C., 37 AD3d at 716). Here, inasmuch as the father made several appearances in the proceeding virtually and appeared through counsel during the latest scheduled court appearance, the record does not reflect that the father willfully abandoned his parental access petition (see Matter of Leonardo v Meyers, 134 AD3d 714, [*2]715; Matter of Latanya C., 37 AD3d at 716).
The father's remaining contention is without merit.
Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Family Court, Rockland County, for further proceedings.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court