■ In the Matter of MICHAEL C. and Others, Children Alleged to be Abused or Neglected.—Order unanimously reversed on the law and facts without costs, petitions granted, and matter remitted to Oneida County Family Court for further proceedings, in accordance with the following Memo-

randum: Petitioner Department of Social Services appeals from an order of Family Court which, following a fact-finding hearing, dismissed six separate child abuse and neglect petitions against respondents Michael C., Sr., the father of the children, and Ernest B., his live-in homosexual lover. The petitions allege that respondents sexually abused Michael C.'s two sons, Michael, Jr., and George, and that they neglected his daughter, Stephanie, by exposing her to such sexual abuse. The petitions were based on two incidents of sexual abuse, one occurring around Thanksgiving and one occurring around Christmas, 1989. Both incidents involved the father, Ernest B. and Don K., a third adult resident of the household, and three male children of the household, Michael, Jr., George and J.C., who is Ernest B.'s son. Both incidents were witnessed by Stephanie. In dismissing the petitions, the court discounted the in-court testimony and out-of-court statements of Stephanie and held that there was insufficient corroboration of the boys' out-of-court statements.

In the exercise of our independent power of factual review, we make a different credibility determination. We find no basis for the court's failure to give credit to Stephanie's account of those events and conclude that the weight of the evidence supports a finding of sexual abuse. We thus reverse the order, make our own findings of abuse and neglect, and reinstate and grant the petitions.

We find Stephanie's out-of-court statements and hearing testimony to be highly credible, notwithstanding minor discrepancies, which are understandable in light of the fact that she was only five when the incidents occurred and six when she testified at the hearing. Stephanie's testimony corroborates the out-of-court statements of the victims. There is no plausible explanation for the accusations of all three children against respondents—and particularly no explanation for their detailed and age-inappropriate knowledge of sexual activities—unless they are telling the truth. Further, we perceive no basis for the court to have ignored the testimony of Alice Smith, respondents' neighbor. Smith's observations of sexual activity between the boys lends credence to the allegation that they were sexually abused. Her testimony also establishes that respondents inappropriately exposed the children to their sexual activities and that the father exhibited a total inability to see that such conduct was harmful to the children. Smith's testimony not only corroborates the boys' statements, but buttresses Stephanie's statements and testimony.

In contrast, we find the testimony of respondents and their witnesses to be incredible. Further, there is no basis in the record for the court's assertion that there would be objective signs of injury on the children if events had occurred as they described. The sole medical evidence in the record is to the contrary. The physician who examined the children testified that, in cases of sexual abuse of the type alleged, lack of objective findings is the norm and is not inconsistent with the occurrence of sexual abuse. Further, there is no justification for the court's suggestion that the lack of "validation" testimony undercuts the credibility of the children's statements. Although such testimony would have been helpful, where, as here, the children's statements unequivocally accused respondents of sexually abusing the boys, it was not essential to have "validation" testimony. Finally, contrary to the conclusion reached by Family Court, we find that the fact that respondents admitted their homosexuality does not disprove the allegation that they sexually abused the boys. (Appeal from Order of Oneida County Family Court, Pomilio, J.—Sexual Abuse.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.