■ In the Matter of LISA R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ALLEN R., Respondent.—In a child abuse proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the the Family Court, Suffolk County (Decker, J. on decision; Abrams, J. on order), dated March 1, 1991, which, after a fact-finding hearing, dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

Although the child's out-of-court statements and sworn in-court testimony, if believed, would have been sufficient to establish abuse *(see, Matter of Christina F.,* 74 NY2d 532; *Matter of Linda K.,* 132 AD2d 149; *Matter of Nicole V.,* 123 AD2d 97, 119; Family Ct Act § 1046 [a] [vi]), the hearing court found that her testimony was not credible. In light of the child's serious psychiatric problems and the fundamental discrepancy between her out-of-court statement and her trial testimony with regard to the circumstances of the most recent incident of alleged abuse, which was said to have occurred only six weeks before the hearing, we sustain the hearing court's assessment of credibility *(cf., Matter of Michael C.,* 170 AD2d 998). Mangano, P. J., Kooper and O'Brien, JJ., concur.

Rosenblatt, J., dissents, and votes to reverse the order appealed from, and to remit the proceeding to the Family Court, Suffolk County, for a further fact-finding hearing and a new determination in accordance with the following memorandum:

The petition alleged that the respondent had committed various sex offenses against his child continuously, for some 10 years. The child testified as to the abuse, and a senior case worker for the petitioner testified to interviewing the child

concerning the allegations of abuse and concluded that her allegations were credible.

The respondent denied the abuse, alleging that the child's mental instability caused her to fabricate. The child's mother corroborated respondent's testimony, and she stated, further, that the child "went for a check-up with a doctor and she is still a virgin. So how could she have intercourse if she is still a virgin?". Inexplicably, neither side called the physician or offered any medical testimony. Such testimony might have been controlling in a deeply troublesome, vigorously disputed case. Accordingly, I would decline to make a finding of abuse or neglect based upon this record. In view of the seriousness of the allegations, and because of the evidence adduced at the fact-finding hearing of possible physical and emotional injury to the child, the order of the Family Court should be reversed, and the proceeding remitted to the Family Court, for a further fact-finding hearing at which the court should hear testimony from the child's physician, and such other medical and psychiatric testimony as would bear on the case (see, Matter of Dara R., 119 AD2d 579; Matter of Dana F., 113 AD2d 939).