In the Matter of SEAN T., an Infant, Appellant. PROBATION OFFICER OF MONROE COUNTY OFFICE OF PROBATION, Respondent. (Appeal No. 2.) [755 NYS2d 153] —Appeal from an amended order of Family Court, Monroe County (Kohout, J.), entered July 12, 2002, which found that respondent willfully violated a modified order of probation.

It is hereby ordered that the amended order so appealed

from be and the same hereby is unanimously reversed on the law and facts without costs and the petition is denied. All findings of fact made by the hearing Judge that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: Family Court erred in finding that respondent willfully violated a modified order of probation by failing to return to his mother's residence in Rochester. The record establishes that respondent was in court when the terms and conditions of his probation were modified to provide that he reside with his mother in Rochester rather than with his grandmother in Syracuse. The record further establishes, however, that respondent's mother expressly agreed that respondent could leave for Syracuse that day with his grandmother in order to participate in a football tournament and could return to Rochester approximately six days later. During that time, respondent reported to his probation officer at the Onondaga County Probation Department in Syracuse. According to respondent's grandmother, she and respondent were advised by a probation officer at that time that the jurisdiction of respondent's probation was in Onondaga County and that respondent would violate the terms and conditions of his probation if he returned to Rochester. The court found that the grandmother was not credible and discounted her testimony. The court, however, credited the testimony of a Monroe County probation officer that the Monroe County Probation Department was not informed until several weeks later that respondent had been so advised. The fact that the Monroe County Probation Department was not simultaneously informed that respondent had been so advised has no bearing on the issue of the credibility of respondent's grandmother, and there was no evidence refuting her testimony or her credibility. Indeed, we find no basis for the court's refusal to credit the grandmother's testimony and, in the exercise of our independent power of factual review, we make a different credibility determination (*see Matter of Michael C.,* 170 AD2d 998, 999). We find credible the testimony of respondent's grandmother that she and respondent were advised upon initially returning to Syracuse that respondent would violate the terms and conditions of his probation if he returned to Rochester. Under the circumstances, it therefore cannot be said that respondent willfully violated the terms and conditions of his probation by failing to return to Rochester (*see generally* Family Ct Act § 779). Thus, we reverse the amended order and deny the violation petition. Present—Wisner, J.P., Scudder, Burns and Hayes, JJ.