■ In the Matter of JILL F.P., Appellant, v SAMMIE H., JR., Respondent. [758 NYS2d 888] —Appeal from an order of Family Court, Erie County (Mix, J.), entered November 2, 2001, which dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and facts without costs and the petition and an order of protection are granted in accordance with the memorandum that is hereby made a part hereof. All findings of fact made by Family Court that are inconsistent with the memorandum herein are hereby reversed and new findings are made pursuant to CPLR 5712 (c) as contained in the following memorandum: Petitioner brought this proceeding pursuant to Family Ct Act § 846, alleging that respondent had willfully violated an order of protection issued by Family Court on September 1, 1999 and seeking a new order of protection pursuant to Family Ct Act § 846-a. Following a fact-finding hearing, the court dismissed the petition on the ground that petitioner had not made out a "prima-facie case" establishing respondent's willful violation of the order of protection. That was error. The testimony of petitioner and her father, and indeed that of respondent himself, established that respondent willfully violated the "[s]tay away" provision of the order of protection. In addition, the testimony of petitioner established that respondent violated the further provision that respondent refrain from intimidation and threats against petitioner. The court's determination thus lacks an evidentiary basis in the record and is against the weight of the credible evidence (cf. Matter of Toneatti v Schiavone, 266

AD2d 303 [1999]; *Matter of Truick v Truick,* 243 AD2d 572 [1997]; *see generally Matter of Eamer v Keller,* 283 AD2d 981 [2001]; *Matter of Stappenbeck v Sitter,* 280 AD2d 908 [2001]). In the exercise of our independent power of factual review, we credit the entire testimony of petitioner and her father and the aforementioned testimony of respondent himself (*see Matter of Sean T.* [appeal No. 2], 302 AD2d 990, 991, citing *Matter of Michael C.,* 170 AD2d 998, 999 [1991]) and find that respondent willfully violated the order of protection (*see generally* § 846-a; *Matter of De Ruzzio v De Ruzzio,* 288 AD2d 725, 726 [2001]; *Matter of Leighton-Ryan v Ryan,* 274 AD2d 775, 776 [2000]; *Benitez v Murati,* 262 AD2d 79 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of Tina T. v Steven U.,* 243 AD2d 863, 864 [1997], *lv denied* 91 NY2d 805 [1998]). Pursuant to Family Ct Act § 846-a, we "make a new order of protection in accordance with" Family Ct Act § 842 (*see Matter of Kappel v Kappel,* 234 AD2d 872, 873 [1996]). We find that there are "aggravating circumstances," namely, "a history of repeated violations of [the] prior order[ ] of protection by the respondent * * * and like incidents, behaviors and occurrences which * * * constitute an immediate and ongoing danger to the petitioner" (§ 827 [a] [vii]; *see generally Matter of Flascher v Flascher,* 298 AD2d 393 [2002]; *Matter of Rice v Rice,* 280 AD2d 677, 678 [2001]; *Matter of Reilly v Reilly,* 254 AD2d 361 [1998]). We therefore reverse the order, grant the petition, and further grant petitioner an order of protection for a period of three years (*see* § 842) from the date of our order, on the same terms and conditions as those contained in the order of protection granted by Family Court on September 1, 1999. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.