■ In the Matter of MATTHEW B., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY B., Appellant. [808 NYS2d 513]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 18, 2003 in a proceeding pursuant to Family Court Act article 10. The order adjudged that respondent neglected her son.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the petition is dismissed.

Memorandum: Respondent appeals from an order adjudging that she neglected her son, Matthew, by failing to supply him with adequate education (*see* Family Ct Act § 1012 [f] [i] [A]). As a preliminary matter, we note that, although the dispositional order was entered on consent and has expired, respondent may nevertheless challenge the underlying neglect adjudication because it "constitutes a permanent stigma to a parent and it may, in future proceedings, affect a parent's status" (*Matter of Jeffrey D.*, 233 AD2d 668, 669 [1996]; *see Matter of H. Children*, 156 AD2d 520 [1989]; *see also Matter of Dareth O.*, 304 AD2d 667, 668 [2003]).

Contrary to the contention of respondent, she has "failed to demonstrate that she was afforded less than meaningful representation by counsel" (*Matter of Steven K.*, 255 AD2d 943, 944 [1998], *lv denied* 92 NY2d 820 [1999]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We agree with respondent, however, that the record does not support Family Court's finding of educational neglect with respect to Matthew. Matthew did not attain the age of six years by December 1st of the 2002-2003 school year, and thus his attendance at school was not mandated by article 65 of the Education Law (*see* § 3205 [1] [a], [c]; *see also* § 3212 [2] [b]). In order to find a parent responsible for the educational neglect of a minor, the parent must have failed to "exercise a minimum degree of care . . . in supplying the child with adequate . . . education in accordance with the provisions of part one of article sixty-five of the education law" (Family Ct Act § 1012 [f] [i] [A]). Because article 65 did not require Mat-

thew's attendance at school, respondent had no duty to supply Matthew with adequate education within the meaning of Family Court Act § 1012 (f) (i) (A).

We note that respondent also challenges the court's finding of educational neglect with respect to her daughter, Danielle. That challenge is not properly before us, however, because there is no indication in the record that an appeal was taken with respect to Danielle. In any event, we conclude that the record supports the court's finding. "Proof that a minor child is not attending a public or parochial school in the district where the parents reside makes out a prima facie case of educational neglect pursuant to section 3212 (2) (d) of the Education Law" (*Matter of Christa H.*, 127 AD2d 997, 997 [1987]; *see Matter of Nicole A.*, 305 AD2d 1039 [2003]). "Unrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect" (*Dareth O.*, 304 AD2d at 668; *see Matter of Kyle T.*, 255 AD2d 945 [1998], *lv denied* 93 NY2d 801 [1999]; *Matter of Ryan J.*, 255 AD2d 999 [1998]; *Matter of Jovann B.*, 153 AD2d 858, 859 [1989]). Here, petitioner established that Danielle had 61 instances of absence or tardiness between September 2002 and February 14, 2003. After February 14, 2003, Danielle was either absent or present for only one class 15 more times before she was suspended on March 11, 2003. Respondent submitted no evidence to rebut the evidence of Danielle's excessive school absences. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.