■ In the Matter of BRIAN C., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEIDI T., Respondent. LAWRENCE F. KORZENIEWSKI, ESQ., as Law Guardian, Appellant. (Appeal No. 1.) [821 NYS2d 712]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 3, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, after a determination that respondent permanently neglected her child, suspended judgment following a dispositional hearing.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and facts without costs, the petition is granted, the guardianship and custody of the child are committed to petitioner and the matter is remitted to Family Court, Erie County, for the initial freed child permanency hearing to be commenced within 30 days of the date of entry of the order of this Court. All findings of fact contained in the decision of Family Court that are inconsistent with the memorandum are reversed and new findings are made pursuant to CPLR 5712 (c) (2) as contained in the following memorandum: The Law Guardian of the child who is the subject of this termination of parental rights proceeding pursuant to Social Services Law § 384-b appeals from an order suspending judgment following a dispositional hearing. Although the sole issue at that hearing should have been the best interests of the child (*see Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]), the record establishes that Family Court, in an effort to give respondent "a final chance" for reunification with her child, erroneously relied solely on factors concerning respondent's attempts to remain drug free in issuing a suspended judgment. Nevertheless, the record is sufficient for this Court to make a best interests determination (*see generally Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), and we conclude that the evidence at the dispositional hearing established that a return to respondent is not in the child's best interests.

As the court properly found, the child was born on January 14, 2004 with a positive toxicology for cocaine. The court further properly found that the foster parents plan to adopt the child and that, although respondent has remained drug free since her probation officer arranged for admission to a rehabilitation program, she has a long history of drug abuse and relapse. Finally, the court properly found that there was no evidence that respondent has a stable home or employment. In the exercise of our independent power of factual review (*see Matter of Jill F.P. v Sammie H.*, 305 AD2d 1050, 1051 [2003]), we find in addition that the child's behavior deteriorated markedly after overnight visitations with respondent, and that the foster parents have provided the child with a caring and nurturing home environment since he was two days old. We thus conclude

that petitioner met its burden of establishing by a preponderance of the evidence that termination of respondent's parental rights is in the best interests of the child (*see generally Matter of Lionel Burton W.*, 30 AD3d 355 [2006]). Consequently, we reverse the order suspending judgment, grant the petition, commit the guardianship and custody of the child to petitioner, thereby freeing the child for adoption, and remit the matter to Family Court for the initial freed child permanency hearing to be commenced within 30 days of the date of entry of the order of this Court. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.