In the Matter of GUADALUPE MATTHEWS, Respondent, v EDWARD MATTHEWS, Appellant. [899 NYS2d 496]—

Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered March 22, 2006 in a proceeding pursuant to Family Court Act article 6. The order, among other things, continued the award of physical and legal custody of the parties' children to petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that, inter alia, continued the award of physical and legal custody of the parties' two children to petitioner mother, reduced the father's visitation with the children to one weekend every three months, and prohibited the father from discussing religion with the children. Contrary to the father's contention, Family Court did not abuse its discretion in continuing the award of custody

to the mother. The ability of the father over that of the mother to provide for certain material needs of the children is only one factor to consider in determining the best interests of the children (*see generally Matter of Maher v Maher*, 1 AD3d 987, 988-989 [2003]). Here, the record further establishes that the father frequently disparaged the mother in the children's presence, consistently used his religion in an attempt to alienate the mother from the children, and disregarded court orders concerning the mother's right to choose the religious upbringing of the children. Affording great deference to the court's credibility assessments (*see generally Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Thayer v Ennis*, 292 AD2d 824 [2002]), we conclude that the court's custody determination is supported by "a sound and substantial basis in the record" and thus should not be disturbed (*Matter of James D. v Tammy W.*, 45 AD3d 1358 [2007]). We further conclude that the court's determination that effectively denies the father visitation with the children is supported by " 'compelling reasons and substantial evidence that such visitation is detrimental to the child[ren]'s welfare' " (*Murek v Murek* [appeal No. 2], 292 AD2d 839, 840 [2002]; *see Matter of Adam H.*, 195 AD2d 1074 [1993]), and thus has a sound and substantial basis in the record (*see Matter of Brocher v Brocher*, 213 AD2d 544 [1995], *lv denied* 86 NY2d 701 [1995]). Furthermore, in light of the evidence in the record that the father harmed the children by disobeying court orders and using religion to alienate them from the mother, we conclude that the court did not abuse its discretion by prohibiting the father from discussing religion with the children. Although "the court would be intruding on . . . [the] First Amendment rights [of the father] were it to enjoin [him] from discussing religion with his child[ren] absent a showing that the child[ren] will thereby be harmed," here, as noted, there was such a showing (*Matter of Bentley v Bentley*, 86 AD2d 926, 927 [1982]; *cf. Matter of Booth v Booth*, 8 AD3d 1104, 1106 [2004], *lv denied* 3 NY3d 607 [2004]).

Finally, the father failed to preserve for our review his contention that the court erred in admitting a report containing recommendations that were based on inadmissable hearsay inasmuch as he did not object to the admission of that report on that specific ground (*see Balsz v A & T Bus Co.*, 252 AD2d 458 [1998]). In any event, any error in the admission of that report is harmless because the record otherwise contains ample admissible evidence to support the court's determination (*see Lubit v Lubit*, 65 AD3d 954, 955-956 [2009], *lv denied* 13 NY3d 716 [2010]; *Murtari v Murtari*, 249 AD2d 960, 961 [1998], *appeal dismissed* 92 NY2d 919 [1998]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.