# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**28**

**CAF 12-00078**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF GABRIELLA G. AND HADASSAH G.

--------------------------------------------------

ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JEANNINE G., RESPONDENT-APPELLANT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS, FOR HADASSAH G. AND GABRIELLA G.

---

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered December 16, 2011 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed respondent under the supervision of petitioner for a period of 12 months.

It is hereby ORDERED that said appeal from the order insofar as it concerns disposition is unanimously dismissed and the order is affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, adjudicated her two children to be neglected based on her failure to supply them with an adequate education (*see* Family Ct Act § 1012 [f] [i] [A]). As a preliminary matter, we note that the appeal from the order insofar as it concerns the disposition must be dismissed as moot because that part of the order has expired by its terms (*see Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1546, *lv denied* 18 NY3d 808; *Matter of Thomas C. [Jennifer C.]*, 81 AD3d 1301, 1302, *lv denied* 16 NY3d 712; *Matter of Francis S. [Wendy H.]*, 67 AD3d 1442, 1442, *lv denied* 14 NY3d 702). The mother "may nevertheless challenge the underlying neglect adjudication because it 'constitutes a permanent stigma to a parent and it may, in future proceedings, affect a parent's status' " (*Matter of Matthew B.*, 24 AD3d 1183, 1183).

Contrary to the mother's contention, petitioner met its burden of establishing educational neglect by a preponderance of the evidence (*see Matter of Cunntrel A. [Jermaine D.A.]*, 70 AD3d 1308, 1308, *lv dismissed* 14 NY3d 866). " 'Proof that a minor child is not attending

a public or parochial school in the district where the parent[] reside[s] makes out a prima facie case of educational neglect pursuant to section 3212 (2) (d) of the Education Law' " (*Matthew B.*, 24 AD3d at 1184). " 'Unrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect' " (*id.*). Petitioner submitted the children's school records and the testimony of the caseworker, which established "that each child had 'a significant, unexcused absentee rate that [had] a detrimental effect on [each] child's education' " (*Cunntrel A.*, 70 AD3d at 1308). The mother failed to present " 'evidence that the [children are] attending school and receiving the required instruction in another place' or to establish a reasonable justification for the children's absences and thus failed to rebut the prima facie evidence of educational neglect" (*id.*).

Finally, we reject the contention of the mother that she received ineffective assistance of counsel at the fact-finding hearing. "It is not the role of this Court to second-guess the attorney's tactics or trial strategy" (*Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352, *lv denied* 7 NY3d 717) and, based on our review of the record, we conclude that the mother received meaningful representation (*see id.* at 1352).

Entered: March 15, 2013                    Frances E. Cafarell
                                           Clerk of the Court