# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**564**
**CAF 12-02030**
PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF AIRIONNA C., JASMINE E.,
RONDELL E., JERMONI E., CHENE E., SHAWNELL E.,
SHAMAR J., SHAMARA J., KANIYAH C., CARNISHA J.,
AND CARNAISHIA J.
-------------------------------------------------   MEMORANDUM AND ORDER
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

SHERNELL E., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR RESPONDENT-APPELLANT.

MERIDETH SMITH, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

MARY P. DAVISON, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

MARGARET MCMULLEN RESTON, ATTORNEY FOR THE CHILD, ROCHESTER.

STEVEN B. LEVITSKY, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered September 13, 2012 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this neglect proceeding alleging, inter alia, that one of respondent mother's children severely burned herself with a lighter while the mother's 15-year-old daughter was babysitting seven of the younger children. The mother appeals from an order adjudging the subject children to be neglected. We note at the outset that we agree with the mother and the attorney for four of the children that Family Court failed to comply with CPLR 4213 (b) inasmuch as the court failed to set forth the "facts it deem[ed] essential" to its decision. Nevertheless, we exercise our independent power of factual review, and we agree with the court's neglect determination (*see Matter of Brian C.*, 32 AD3d 1224, 1225, *lv denied* 7 NY3d 717; *Matter of Jill F.P. v Sammie H.*, 305 AD2d 1050, 1051), both with respect to educational neglect for three of the children and inadequate supervision for all of the children.

With respect to the issue of educational neglect for three of the children, it is well settled that " '[p]roof that a minor child is not attending a public or parochial school in the district where the parents reside makes out a prima facie case of educational neglect' " (*Matter of Matthew B.*, 24 AD3d 1183, 1184). " 'Unrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect' " (*id.; see Matter of Ember R.*, 285 AD2d 757, 758-759, *lv denied* 97 NY2d 604) and, here, petitioner presented unrebutted evidence from the Rochester City School District that, for the 2010-2011 school year three of the children had a combined 97 unexcused absences and 86 unexcused tardies (*see Matthew B.*, 24 AD3d at 1184).

With respect to the issue of inadequate supervision, the mother testified that she had left a lighter in her purse and that she had placed the purse in a "purse bucket" in her bedroom, a container that anyone could open. The mother also testified that she believed that her 15-year-old daughter was "mature and responsible" enough to be left in charge of her siblings and, although she initially testified that she had left the 15-year-old with five children on the date on which one of the children burned herself with the lighter, the mother subsequently testified that her daughter was in fact left in charge of seven children, all under the age of seven. We note that the 15-year-old child admitted to being asleep on the couch when the incident occurred.

Furthermore, even after the subject incident, a caseworker arrived at the mother's house and found a 14-year-old child left in charge of the younger siblings. Moreover, as part of the investigation leading up to the instant neglect petition, it was reported that four of the children had been seen playing unsupervised near a busy city street for at least five hours. We thus conclude on the record before us that the mother neglected the children based upon her failure to provide adequate supervision (*see Matter of Benjamin K.*, 28 AD3d 810, 812; *Matter of William AA.*, 24 AD3d 1125).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court