# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**980**

**CAF 14-01117**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CHRISTIAN J.S.,
NATHANIEL C.S., JACOB C.S., HEAVEN A.S.
AND ISAAC S.S.

-------------------------------------      MEMORANDUM AND ORDER

JEFFERSON COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

JODI A.F., RESPONDENT-APPELLANT.

---

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered March 27, 2014 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected her children and continued custody of the children with their father.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the petition is dismissed.

Memorandum: On appeal from an order that, inter alia, found that she neglected her five children and granted permanent custody of the children to their father, respondent mother contends that Family Court erred in denying her motion to dismiss the petition at the close of petitioner's case. We agree, and we therefore reverse the order and dismiss the petition.

We note at the outset that, before the petition in this case was filed in Lewis County, where the mother had lived in February 2012, a temporary order was entered pursuant to Family Court Act article 6 granting custody of the children to their father, who resides in Jefferson County. Because the children were living and thriving with their father in Jefferson County, where they were receiving services from petitioner, petitioner moved to withdraw the petition shortly after it was filed, asserting that no child protective proceedings were necessary pursuant to Family Court Act article 10. Petitioner also noted that the mother had moved to Madison County, where it would be difficult for petitioner to provide services to her and where, as a Medicaid recipient, the mother could receive services from the appropriate local agency. The court denied petitioner's motion, however, and directed petitioner to proceed with a fact-finding hearing.

At the hearing, petitioner called only two witnesses, a caseworker for the Department of Social Services in Lewis County (Department), where the children lived with the mother and her boyfriend for a short period before moving in with their father, and the children's father. The Lewis County caseworker testified about the conditions in the residence in Lewis County where the children were living when he first visited, and acknowledged not only that the Department had not sought to remove the children from the mother's care during the 18 days the children resided in Lewis County, but that the conditions of the mother's residence improved after his first visit. The children's father testified about the children's appearance and lack of hygiene and self-care skills when they moved in with him, and also relayed reports from his oldest son, then age eight, that the mother left the younger children at home with him on occasion, and that he would have to make them meals. The father also acknowledged, however, that when the children lived with the mother, he never had any concerns regarding their care.

After calling those two witnesses, petitioner rested its case. The mother moved for a directed verdict dismissing the petition, contending that petitioner's evidence was legally insufficient to establish a prima facie case of neglect. The motion was opposed by the Attorney for the Children and the father, neither of whom, we note, has filed a respondent's brief on appeal. The court, although acknowledging that it was "not comfortable [with the] level of proof" before it, subsequently denied the motion. That was error.

For a finding of neglect, there must be proof of actual or imminent physical, emotional, or mental impairment to a child, and proof that any such actual or imminent impairment is a "consequence of the parent's failure to exercise a minimum degree of parental care" (*Matter of Afton C. [James C.]*, 17 NY3d 1, 9; *see* Family Ct Act § 1012 [f] [i]). Here, the children were living with their father for over two months before the petition was filed, and thus they did not face "imminent" danger of impairment. Under those circumstances, petitioner had the burden of demonstrating "actual . . . physical, emotional or mental impairment to the child[ren]" that resulted in "serious harm . . . to the child[ren], not just . . . what might be deemed undesirable parental behavior" (*Nicholson v Scoppetta*, 3 NY3d 357, 369). In our view, the proof adduced by petitioner, which concerned only the 18 days the children resided in Lewis County, failed to meet that burden. The children's father did not have firsthand knowledge concerning the allegations in the petition, and he acknowledged that he never had any concerns about the care of the children when they resided with the mother. The testimony of the Lewis County caseworker at most demonstrated that the conditions at the residence where the children lived and the manner in which they dressed and attended to hygiene were less than optimal, but it did not appear that those conditions resulted in any actual physical, emotional, or mental impairment to the children (*see Matter of Annastasia C. [Carol C.]*, 78 AD3d 1579, 1580, *lv denied* 16 NY3d 708; *Matter of Erik M.*, 23 AD3d 1056, 1057; *cf. Matter of Holly B. [Scott*

*B.]*, 117 AD3d 1592, 1592-1593).