# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1234**
**CAF 15-01871**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF KENNETH C., JR., MAKAYLEE C.,
NICHOLAS C. AND ZACHARY C.
-------------------------------------------- MEMORANDUM AND ORDER
ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, PETITIONER-RESPONDENT;

TERRI C., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF
COUNSEL), FOR RESPONDENT-APPELLANT.

ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (CATHERINE Z. GILMORE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

THEODORE W. STENUF, ATTORNEY FOR THE CHILDREN, MINOA.

---

Appeal from an order of the Family Court, Onondaga County
(Michele Pirro Bailey, J.), entered September 8, 2015 in a proceeding
pursuant to Family Court Act article 10. The order, inter alia,
determined that respondent had neglected the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter
alia, adjudicated her four children to be neglected and awarded
custody of them to the nonparty father. Contrary to the mother's
contention, we conclude that petitioner met its burden of establishing
neglect by a preponderance of the evidence.

With respect to the issue of educational neglect, " '[p]roof that
a minor child is not attending a public or parochial school in the
district where the parent[] reside[s] makes out a prima facie case of
educational neglect pursuant to section 3212 (2) (d) of the Education
Law' " (*Matter of Matthew B.*, 24 AD3d 1183, 1184). " 'Unrebutted
evidence of excessive school absences [is] sufficient to
establish . . . educational neglect' " (*id.*). Here, the testimony of
the caseworker established that two of the children had a combined
number of approximately 150 unexcused absences during the most recent
school year, and the mother failed to rebut that evidence (*see Matter
of Airionna C. [Shernell E.]*, 118 AD3d 1430, 1431, *lv denied* 24 NY3d
905, *lv dismissed* 24 NY3d 951; *Matter of Cunntrel A. [Jermaine D.A.]*,
70 AD3d 1308, 1308, *lv dismissed* 14 NY3d 866). To the extent that the
mother challenges the admission in evidence of certain documents, we

conclude that any error is harmless because the record otherwise contains ample evidence supporting Family Court's determination (*see Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 669-670; *Matter of Matthews v Matthews*, 72 AD3d 1631, 1632, *lv denied* 15 NY3d 704).

With respect to the issue of the mother's drug use, " 'neglect may in some circumstances be presumed if the parent chronically and persistently misuses alcohol and drugs which, in turn, substantially impairs his or her judgment while [the] child is entrusted to his or her care' " (*Matter of Samaj B. [Towanda H.-B.–Wade B.]*, 98 AD3d 1312, 1313; *see* Family Ct Act § 1046 [a] [iii]). That presumption "operates to eliminate a requirement of specific parental conduct vis-à-vis the child and neither actual impairment nor specific risk of impairment need be established" (*Samaj B.*, 98 AD3d at 1313 [internal quotation marks omitted]). Here, petitioner established the presumption of neglect by presenting the testimony and notes of the caseworker, who testified that the mother admitted to using heroin and failed to take meaningful action to treat her addiction, and that the mother's drug use impaired her ability to function (*see Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1449-1450; *Matter of Paolo W.*, 56 AD3d 966, 967, *lv dismissed* 12 NY3d 747), and the mother presented no evidence to rebut that presumption of neglect (*see Samaj B.*, 98 AD3d at 1313).

Contrary to the mother's final contention, the court did not err in conducting fact-finding and dispositional hearings in her absence. It is well settled that a parent's right to be present at every stage of a Family Court Act article 10 proceeding "is not absolute" (*Matter of Elizabeth T. [Leonard T.]*, 3 AD3d 751, 753; *see Matter of Dakota H. [Danielle F.]*, 126 AD3d 1313, 1315, *lv denied* 25 NY3d 909). " 'Thus, when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed' " (*Dakota H.*, 126 AD3d at 1315). Here, the court alerted the mother to the date of the fact-finding hearing and warned her that the hearing would proceed in her absence, yet she failed to appear on the scheduled date. Moreover, her attorney fully represented her at the fact-finding and dispositional hearings, and thus the mother has not demonstrated that she suffered any prejudice arising from her absence (*see id.; Matter of Sean P.H. [Rosemarie H.]*, 122 AD3d 850, 851, *lv denied* 24 NY3d 914).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court