Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered September 8, 2015 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject children.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, adjudicated her four children to be neglected and awarded custody of them to the nonparty father. Contrary to the mother’s contention, we conclude that petitioner met its burden of establishing neglect by a preponderance of the evidence.
With respect to the issue of educational neglect, “ ‘[p]roof that a minor child is not attending a public or parochial school in the district where the parent [ ] reside [s] makes out a prima facie case of educational neglect pursuant to section 3212 (2) (d) of the Education Law’ ” (Matter of Matthew B., 24 AD3d 1183, 1184 [2005]). “ ‘Unrebutted evidence of excessive school absences [is] sufficient to establish . . . educational neglect’ ” (id.). Here, the testimony of the caseworker established that two of the children had a combined number of approximately 150 unexcused absences during the most recent school year, and the mother failed to rebut that evidence (see Matter of Airionna C. [Shernell E.], 118 AD3d 1430, 1431 [2014], lv denied 24 NY3d 905 [2014], lv dismissed 24 NY3d 951 [2014]; Matter of Cunntrel A. [Jermaine D.A.], 70 AD3d 1308, 1308 [2010], lv dismissed 14 NY3d 866 [2010]). To the extent that the mother challenges the admission in evidence of certain documents, we conclude that any error is harmless because the record otherwise contains ample evidence supporting Family Court’s determination (see Matter of Delehia J. [Tameka J.], 93 AD3d *1613 668, 669-670 [2012]; Matter of Matthews v Matthews, 72 AD3d 1631, 1632 [2010], lv denied 15 NY3d 704 [2010]).
With respect to the issue of the mother’s drug use, “ ‘neglect may in some circumstances be presumed if the parent chronically and persistently misuses alcohol and drugs which, in turn, substantially impairs his or her judgment while [the] child is entrusted to his or her care’ ” (Matter of Samaj B. [Towanda H.-B.—Wade B.], 98 AD3d 1312, 1313 [2012]; see Family Ct Act § 1046 [a] [iii]). That presumption “operates to eliminate a requirement of specific parental conduct vis-a-vis the child and neither actual impairment nor specific risk of impairment need be established” (Samaj B., 98 AD3d at 1313 [internal quotation marks omitted]). Here, petitioner established the presumption of neglect by presenting the testimony and notes of the caseworker, who testified that the mother admitted to using heroin and failed to take meaningful action to treat her addiction, and that the mother’s drug use impaired her ability to function (see Matter of Chassidy CC. [Andrew CC.], 84 AD3d 1448, 1449-1450 [2011]; Matter of Paolo W., 56 AD3d 966, 967 [2008], lv dismissed 12 NY3d 747 [2009]), and the mother presented no evidence to rebut that presumption of neglect (see Samaj B., 98 AD3d at 1313).
Contrary to the mother’s final contention, the court did not err in conducting fact-finding and dispositional hearings in her absence. It is well settled that a parent’s right to be present at every stage of a Family Court Act article 10 proceeding “is not absolute” (Matter of Elizabeth T, 3 AD3d 751, 753 [2004]; see Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315 [2015], lv denied 25 NY3d 909 [2015]). “ ‘Thus, when faced with the unavoidable absence of a parent, a court must balance the respective rights and interests of both the parent and the child in determining whether to proceed’ ” (Dakota H., 126 AD3d at 1315). Here, the court alerted the mother to the date of the fact-finding hearing and warned her that the hearing would proceed in her absence, yet she failed to appear on the scheduled date. Moreover, her attorney fully represented her at the fact-finding and dispositional hearings, and thus the mother has not demonstrated that she suffered any prejudice arising from her absence (see id.; Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 851 [2014], lv denied 24 NY3d 914 [2015]).
Present—Peradotto, J.P., Carni, Curran, Troutman and Scudder, JJ.