Matter of Amiracle R. (Elizabeth H.) (2019 NY Slip Op 00796)





Matter of Amiracle R. (Elizabeth H.)


2019 NY Slip Op 00796


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1433 CAF 17-00524

[*1]IN THE MATTER OF AMIRACLE R., SOLOMON R., SERENITY M. AND ISAIAH M. 
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ELIZABETH H., RESPONDENT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
LAUREN CREIGHTON, BUFFALO, FOR PETITIONER-RESPONDENT. 
MINDY L. MARRANCA, BUFFALO, ATTORNEY FOR THE CHILDREN.
DOMINIC PAUL CANDINO, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered February 7, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent neglected the subject children and placed them under the supervision of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from a fact-finding and dispositional order that, inter alia, adjudged that she neglected her four children. We agree with the mother that the propriety of the fact-finding part of the order is properly before us. Although the dispositional part of the order was entered on consent and has expired, the mother "may nevertheless challenge the . . . neglect adjudication because it constitutes a permanent stigma to a parent and it may, in future proceedings, affect a parent's status' " (Matter of Matthew B., 24 AD3d 1183, 1183 [4th Dept 2005]; see Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]). We further agree with the mother that, contrary to the contentions of the Attorneys for the Children, the mother did not default with respect to the fact-finding part of the order. The mother appeared at the two-day fact-finding hearing, during which petitioner called three witnesses to testify and then rested its case. Although the mother failed to appear at the next hearing date, we conclude that there was no default under the circumstances because, on that date, Family Court merely issued its determination that, based on the testimony presented, petitioner established that the mother neglected the children (see Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1482 [4th Dept 2014]).
We disagree with the mother, however, that petitioner failed to establish by a preponderance of the evidence that she neglected the children (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). " [E]vidence of mental illness, alone, does not support a finding of neglect, [but] such evidence may be part of a neglect determination when the proof further demonstrates that a respondent's condition creates an imminent risk of physical, mental or emotional harm to a child' " (Matter of Chance C. [Jennifer S.], 165 AD3d 1593, 1594 [4th Dept 2018]). Here, the testimony established that the mother was mentally ill and that, although she voluntarily sought treatment, she missed many follow-up appointments after doing so. Because of her admitted delusions and paranoia, she often stayed in her home with the shades drawn and refused to let her children go outside. She reported that her second oldest child did most of the cooking for the family because the mother was too depressed [*2]to do so, and that she yelled at the children and called them names to keep from hitting them. The mother also admitted being irritable and having a violent past and, based on the testimony, she continued to exhibit such behavior when she screamed at and threatened a caseworker for petitioner in front of the children and struck the youngest child during a psychiatric assessment. We therefore conclude that petitioner met its burden of establishing that the children's physical, mental or emotional conditions were in imminent danger of becoming impaired due to the mother's mental illness (see Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403 [4th Dept 2016]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court