Matter of Jaime D. (James N.--Jacquelina D.) (2019 NY Slip Op 01924)





Matter of Jaime D. (James N.--Jacquelina D.)


2019 NY Slip Op 01924


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


238 CAF 17-02042

[*1]IN THE MATTER OF JAIME D. AND JACOB D. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JAMES N., RESPONDENT-APPELLANT, AND JACQUELINA D., RESPONDENT. (APPEAL NO. 2.)






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered October 31, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that the subject children are neglected children and entered a suspended judgment with respect to respondent James N. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order entered after a fact-finding hearing that, inter alia, found his two children to be neglected based on respondents' failure to supply them with an adequate education (see Family Ct Act § 1012 [f] [i] [A]). In appeal No. 2, the father appeals from an order of fact-finding and disposition that adjudged the children to be neglected and, among other things, ordered a suspended judgment.
The father's appeal from the order in appeal No. 1 must be dismissed inasmuch as the appeal from the fact-finding and dispositional order in appeal No. 2 brings up for review the propriety of the fact-finding order in appeal No. 1 (see Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]). Further, the father's appeal from the order in appeal No. 2 insofar as it concerns the disposition must be dismissed as moot because that part of the order has expired by its terms (see Matter of Gabriella G. [Jeannine G.], 104 AD3d 1136, 1136 [4th Dept 2013]). The father "may nevertheless challenge the underlying neglect adjudication because it constitutes a permanent stigma to a parent and it may, in future proceedings, affect a parent's status" (id. [internal quotation marks omitted]; see Matter of Matthew B., 24 AD3d 1183, 1183 [4th Dept 2005]). Contrary to the father's contention, we conclude that petitioner met its burden of establishing educational neglect by a preponderance of the evidence by demonstrating that each child had a significant unexcused absentee and tardiness rate that had a detrimental effect on his education (see Gabriella G., 104 AD3d at 1137; Matter of Cunntrel A. [Jermaine D.A.], 70 AD3d 1308, 1308 [4th Dept 2010], lv dismissed 14 NY3d 866 [2010]; see generally Matter of Airionna C. [Shernell E.], 118 AD3d 1430, 1431 [4th Dept 2014], lv denied 24 NY3d 905 [2014], lv dismissed 24 NY3d 951 [2014]). We reject the father's contention that his proffered explanations established a reasonable justification for the significant absences and tardiness (see Cunntrel A., 70 AD3d at 1308).
Finally, we conclude that the father has "failed to demonstrate that [he] was afforded less than meaningful representation by counsel" (Matthew B., 24 AD3d at 1183 [internal quotation marks omitted]). Although the father was at first unable to meet with his attorney on the [*2]morning of the fact-finding hearing, Family Court thereafter provided the father and counsel time to discuss the father's concerns prior to the beginning of the hearing.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court