Matter of Justice H.M. (Julia S.) (2024 NY Slip Op 01653)

Matter of Justice H.M. (Julia S.)

2024 NY Slip Op 01653

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

216 CAF 23-00485

[*1]IN THE MATTER OF JUSTICE H.M. AND LIBERTY D.M.-S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JULIA S., RESPONDENT-APPELLANT.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
GABRIELLE GANNON, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JORDYN E. SCHENK OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered February 16, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed respondent and the subject children under the supervision of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, although now expired, brings up for review the underlying fact-finding order wherein Family Court found that the mother neglected the subject children (see Matter of Bentley C. [Zachary D.], 165 AD3d 1629, 1629 [4th Dept 2018]; Matter of Syira W. [Latasha B.], 78 AD3d 1552, 1552 [4th Dept 2010]; Matter of Jimmy D., 302 AD2d 892, 892 [4th Dept 2003], lv denied 100 NY2d 503 [2003]). We agree with the mother that the court's finding of neglect is not supported by the requisite preponderance of the evidence (see generally Family Ct Act § 1046 [b] [i]).
As relevant here, the Family Court Act defines a neglected child as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, [or] shelter . . . though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]). The statute also provides that a parent is responsible for educational neglect when, under the same requisite conditions, the parent fails to supply the child with "adequate . . . education in accordance with the provisions of [the compulsory education part of Education Law article 65] . . . notwithstanding the efforts of the school district or local educational agency and child protective agency to ameliorate such alleged failure prior to the filing of the petition" (id.; see Matter of Matthew B., 24 AD3d 1183, 1183 [4th Dept 2005]).
"The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; see Family Ct Act § 1046 [b] [i]). "First, there must be 'proof of actual (or imminent danger of) physical, emotional or mental impairment to the child' " (Afton C., 17 NY3d at 9, quoting Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). "In order for danger to be 'imminent,' it must be 'near or impending, not merely possible' " (id., quoting Nicholson, 3 NY3d at 369). "This prerequisite to a finding of neglect ensures that the Family Court, in deciding whether to authorize state intervention, will focus on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior" (Nicholson, 3 NY3d at 369). "Second, any [*2]impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care . . . This is an objective test that asks whether a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances . . . Critically, however, the statutory test is minimum degree of care—not maximum, not best, not ideal—and the failure must be actual, not threatened" (Afton C., 17 NY3d at 9 [internal quotation marks omitted]).
As a preliminary matter, the Attorney for the Children (AFC) asserts on appeal that we may consider allegations drawn from the petition and evidence adduced at the dispositional hearing in determining whether petitioner established by a preponderance of the evidence that the mother neglected the children. That assertion is devoid of merit. "[O]nly competent, material and relevant evidence may be admitted" at a fact-finding hearing to determine whether a child is an abused or neglected child as defined by Family Court Act article 10 (§ 1046 [b] [iii]; see § 1044; Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1491 [4th Dept 2011], lv denied 17 NY3d 708 [2011]), and "only the evidence presented at the fact-finding hearing" may be considered by the courts in determining whether the petitioner established by a preponderance of the evidence that the child is an abused or neglected child (Matter of Sheila G., 61 NY2d 368, 386-387 [1984]; see §§ 1046 [b] [i]; 1047 [a]).
Upon consideration of the evidence presented at the fact-finding hearing, we agree with the mother that petitioner failed to establish that the mother neglected the children. Although there was evidence of some unsanitary conditions in the mother's apartment, petitioner's caseworker testified that the apartment "met minimal standards" when she personally observed it and when the petition was filed, and we therefore conclude that the evidence was not sufficient to establish that the mother neglected the children by failing to supply adequate shelter (see Family Ct Act § 1012 [f] [i] [A]; Matter of Silas W. [Natasha W.], 207 AD3d 1234, 1235 [4th Dept 2022]; cf. Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1280 [4th Dept 2014]).
Next, to the extent that petitioner alleged and the court found that the mother committed educational neglect with respect to the older child, we agree with the mother that, contrary to the assertions of petitioner and the AFC, the court's determination lacks a sound and substantial basis in the record. It is undisputed that the older child had not attained the age of six by December 1 of the year in which the educational neglect was alleged to have taken place, and thus his attendance at school was not mandated by article 65 of the Education Law (see §§ 3205 [1] [a], [c]; 3212 [2] [b]; Matthew B., 24 AD3d at 1183). Inasmuch as "article 65 did not require [the older child's] attendance at school, [the mother] had no duty to supply [the older child] with adequate education within the meaning of Family Court Act § 1012 (f) (i) (A)" (Matthew B., 24 AD3d at 1183-1184).
We further agree with the mother that petitioner failed to meet its burden of establishing by a preponderance of the evidence that the mother neglected the children with respect to their hygiene and clothing. The testimony of petitioner's witnesses demonstrated, at most, that "the manner in which [the children] dressed and attended to hygiene [was] less than optimal, but it did not appear that those conditions resulted in any actual [or imminent] physical, emotional, or mental impairment to the children" (Matter of Christian J.S. [Jodi A.F.], 132 AD3d 1355, 1357 [4th Dept 2015]; see Matter of Jalesa P. [Georgia P.], 75 AD3d 730, 733 [3d Dept 2010]).
With respect to the mother's purported mental health condition, although "a finding of neglect based on mental illness need not be supported by a particular diagnosis or by medical evidence" (Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1404 [4th Dept 2016]), " '[p]roof of mental illness alone will not support a finding of neglect . . . The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ren]' " (Matter of Jesus M. [Jamie M.], 118 AD3d 1436, 1437 [4th Dept 2014], lv denied 24 NY3d 904 [2014]). Here, petitioner did not present any diagnostic or medical evidence at the fact-finding hearing and instead relied entirely on the mother's purported paranoid and disoriented behavior and rambling conversational style to establish that the mother suffered from mental illness. Even assuming, arguendo, that petitioner established that the mother suffered from an untreated mental health condition on those bases (see e.g. Thomas B., 139 AD3d at 1403-1404), we conclude that petitioner failed to establish by the requisite preponderance of the evidence a causal connection between the mother's mental health condition and any actual or imminent harm
to the children (see Jesus M., 118 AD3d at 1437; see also Matter of
Lacey-Sophia T.-R. [Ariela (T.)W.], 125 AD3d 1442, 1445 [4th Dept 2015]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court